UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REALD SPARK, LLC, | Civil Action No. 2:22-cv-00942-TL |
| Plaintiff, | |
| vs. | **JOINT STATUS REPORT AND DISCOVERY PLAN** |
| MICROSOFT CORPORATION, | |
| Defendant. | |

This Joint Status Report and Discovery Plan is submitted by Plaintiff RealD Spark, LLC ("Plaintiff" or "RealD") and Defendant Microsoft Corporation ("Defendant" or "Microsoft") pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 13). Counsel for the parties conferred on November 10, 2022.

1. **Magistrate Judge**

The parties do not consent to assignment of this case to a magistrate judge.

2. **Discovery Plan**

   a. **Initial Disclosures**

The parties exchanged Rule 26(a)(1) initial disclosures on November 28, 2022.

   b. **Subjects, Timing, and Phasing of Discovery**

Anticipated Discovery by RealD:

- The allegations raised in RealD's Complaint;

- The circumstances surrounding the 2016 Non-Disclosure Agreement between the parties;

- The communications and representations made by Microsoft to RealD;

- The circumstances surrounding Microsoft's acquisition and use of RealD's ideas, inventions, improvements, or other intellectual property;

- The circumstances surrounding Microsoft's employment of former RealD employees;

- The circumstances surrounding the development and filing of U.S. Provisional Patent Application 62/908,363;

- Microsoft's knowledge of and involvement in the development of patents and products incorporating RealD's ideas, inventions, improvements, or other intellectual property;

- Microsoft's manufacture and sales of products incorporating RealD's ideas, inventions, improvements, or other intellectual property;

- The functionality, operation, and development of Microsoft's accused products;

- Microsoft's materials for or communications with its customers concerning the marketing, advertising, instructions for use, and/or communications that otherwise reference the configuration or use of the accused products;

- Microsoft's

    o   use of the accused products;

    o   manufacture of the accused products;

    o   sale of the accused products;

    o   offer for sale of the accused products;

    o   import of the accused products into the United States; or

    o   export of the accused products from the United States.

- The use of Microsoft's accused products by third parties.

<u>Anticipated Discovery by Microsoft:</u>

- The allegations raised in RealD's Complaint;

- The identity of RealD's alleged trade secrets;

- RealD's development and alleged protection of its alleged trade secrets;

- Any third party sources contributing to RealD's alleged trade secrets;

- Public disclosures of RealD's alleged trade secrets;

- RealD's knowledge regarding whether the purported trade secrets were in the public domain;

- Facts and circumstances relating to the NDA between RealD and Microsoft (including any extrinsic evidence, and draft agreements);

- Facts and circumstances around the discussions between Microsoft and RealD;

- Facts and circumstances relating to RealD's former employees' terminations and/or releases from employment at RealD;

- Source code and other documentation relating to eye gaze correction software developed by RealD;

- Demonstrations, prototypes, discussions and development relating to RealD's "SocialEyes" and other eye gaze software;

- Public disclosures or demonstrations of RealD's "SocialEyes" and other eye gaze software;

- The validity of, and priority of claims relating to the '985 patent;

- Prior art to the '985 patent;

- The ownership of the '985 patent;

- Inventorship of the '985 patent;

- The functionality disclosed and claimed in the '985 patent and the functionality alleged to be trade secret(s);

- Information regarding any settlements, licenses or royalty payments based on the '985 Patent or other RealD patents;

- RealD's litigation funding;

- RealD's corporate, licensing, and litigation histories;

- The alleged value of the '985 patent;

- Any purported embodiments of the '985 patent, produced by RealD or otherwise;

- Evidence of conception and reduction to practice of the '985 patent claims;

- Prosecution of the '985 patent;

- Facts and circumstances relating to potential inequitable conduct during prosecution of the '985 patent;

- The basis for any claims or defenses raised by RealD.

<u>Timing and Phasing of Discovery:</u>

***RealD's Opposition to Delaying Email Discovery:*** RealD opposes Microsoft's proposal to delay email production in this case. Regarding email production, Microsoft has failed to articulate any reason that supports delaying the production of emails. During the parties' prior meet and confers to discuss this filing, Microsoft never contended that producing emails in this case would be overly burdensome or voluminous. Although Microsoft now appears to be taking that position, RealD already attempted to resolve this issue by offering to work with Microsoft to agree on search terms that would govern the search for and production of emails in this matter. Microsoft has also made no effort to quantify the "significant burdens and costs" that would

allegedly result from producing emails in this case, and it has not explained why agreeing on search terms in advance of email production would be insufficient to reduce the alleged "burden or costs."

Microsoft's attempt to limit discovery before discovery has even been served by RealD in this case is unsupported, premature, and should be rejected. Microsoft is aware that information relevant to RealD's claims, including its trade secret claims, may exist in email communications and thus it is merely trying to avoid producing materials relevant to RealD's asserted claims. In fact, RealD knows that email will be relevant to the asserted claims and it alerted Microsoft to exemplary emails sent between the parties that relate to its trade secret claims. Lastly, Microsoft's proposal that email production should occur "only upon a showing of need" is likely to lead to additional discovery disputes, as it is unclear what constitutes "a showing of need."

***RealD's Opposition to Staying Trade Secret Discovery:*** RealD also opposes Microsoft's proposed stay of discovery on Plaintiff's trade secret claims. Microsoft's proposal to stay discovery on Plaintiff's trade secret claim "until Plaintiff provides complete responses" to Microsoft's recently served interrogatory is unnecessary and merely another veiled attempt to deny RealD discovery relevant to the asserted causes of action. RealD has an obligation to respond to discovery in a timely manner and it fully intends to do so in this case. *See* Fed. R. C. P. 33. There is no basis for subjecting RealD to an unsupported and prejudicial "stay" of discovery on two of its four asserted causes of action.

Each of Microsoft's cited cases are also inapposite and fail to support its proposed "stay." Microsoft cites *Albert's Organics, Inc. v. Holzman*, which is an N.D. Cal. opinion that addresses California Code of Civil Procedure § 2019.210. No. 19-CV-07477, 2020 WL 4368205, at *3 (N.D. Cal. July 30, 2020). In that case, the California court specifically states that Cal. Civ. Proc. § 2019.210 "applies to trade secret claims arising under ***California's*** Uniform Trade Secret Act."

*Id.* (emphasis added). Unlike the plaintiff in *Albert's Organics*, RealD has not asserted a trade secret claim under California's Uniform Trade Secret Act, which requires a plaintiff to identify the misappropriated trade secrets with reasonable particularity before discovery commences. *See id.* Moreover, the *Albert's Organics* court ultimately considered and granted a  motion to compel "revised *§ 2019.210* designation[s]," and never mentioned a stay of all responsive discovery related to the asserted trade secret claim, which is what Microsoft is seeking here. *Id.* at *4 (emphasis added).

Similar to *Albert's Organics*, *M/A-COM Tech. Sols. v. Litrinium, Inc*. relates to a California court's evaluation of a ***plaintiff's motion to compel*** that, as described by the court, "essentially s[ought] an order declaring that the Supplemental Disclosure complie[d] with ***Cal. Civ. Proc. § 2019.210***" and thus that case is also unpersuasive.  No. 19-CV-220, 2019 WL 8108729, at *1 (C.D. Cal. Sept. 3, 2019) (emphasis added); *see also Quintara Biosciences, Inc. v. Ruifeng Biztech Inc*., No. 20-CV-04808, 2021 WL 965349, at *1-2 (N.D. Cal. Mar. 13, 2021) (a California court evaluating the sufficiency of a party's disclosures pursuant to Cal. Civ. Proc. § 2019.210).

Next, Microsoft cites *Grellner v. Raabe*; however, that case supports RealD's proposal that discovery proceed as contemplated by the Federal Rules. In *Grellner,* the court began by noting that it "already concluded that Grenller stated a trade-secret claim against the defendants." No. 15-CV-0189, 2017 WL 9486621, at *1 (E.D. Wash. June 20, 2017). It then reviewed both parties' pending motions to compel and ordered that (i) plaintiff to respond to "Defendants' Interrogatory No. 2 disclosing the technical details of his allegedly misappropriated trade secrets[,]" and (ii) defendants "provide all responsive non-privileged information in response to Grellner's interrogatories and requests for production[.]" *Id.* at *1-2. This case does not discuss any "stay" of trade secret discovery.

The only case cited by Microsoft from this district is *telSPACE, LLC v. Coast to Coast Cellular, Inc.*; however, that case does not support Microsoft's requested discovery stay. No. 13-CV-01477, 2014 WL 4364851, at *4-5 (W.D. Wash. Sept. 3, 2014). In *telSPACE*, Judge Martinez considered plaintiff's motion to compel and began by pointing out that the Federal Rules govern discovery in trade secret matters. *Id.* at *2. More specifically, the court emphasized that "[t]he Federal Rules of Civil Procedure provide for broad discovery in civil actions" and that "'[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.'" *Id.* (citing Fed. R. Civ. P. 26(b)(1)). The only portion of the opinion that Microsoft cites is the court's discussion of whether to compel production of source code. *Id.* at *5. The court held that before compelling production of the defendant's source code, the plaintiff "must show that either the source code is relevant in its entirety or narrow its request to seek disclosure of only [specific source code]." *Id.* Since *telSPACE* does not relate to granting stays of discovery on asserted causes of action prior to the start of fact discovery, Microsoft has failed to identify support for its proposal and its requested stay of trade secret discovery should be rejected.[1]

### *Microsoft's Proposal to Streamline Discovery to Align with the Scope of the Allegations:*

Microsoft proposes that discovery into trade secret issues be stayed until RealD discloses its asserted trade secrets with sufficient particularity, as courts routinely do. *E.g.*, *Albert's Organics, Inc. v. Holzman*, No. 19-CV-07477, 2020 WL 4368205, at *1-2 (N.D. Cal. July 30, 2020) (internal citations omitted); *Grellner v. Raabe*, No. 15-CV-0189, 2017 WL 9486621, at *2 (E.D. Wash. June 20, 2017); *see also M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, No. 19-CV-220, 2019 WL 8108729, at *1 (C.D. Cal. Sept. 3, 2019) ("Plaintiffs may not commence discovery

---

[1] Microsoft also cites *Jeff D. v. Otter Jeff D. v. Otter*, 643 F.3d 278, 280 (9th Cir. 2011); however, that case relates to evaluating consent decrees in a class action case for indigent children.

relating to the alleged trade secrets until after they have provided supplemental disclosures of those trade secrets with reasonable particularity."); *telSPACE, LLC v. Coast to Coast Cellular, Inc*., No. 13-CV-01477, 2014 WL 4364851, at *4-5 (W.D. Wash. Sept. 3, 2014) (addressing the importance of establishing relevance before a defendant's highly proprietary source code is subjected to discovery).

Notwithstanding that a district court has wide discretion in controlling discovery," *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011), Plaintiff spends pages in a joint status report criticizing courts who have appropriately staged discovery in trade secrets cases. Yet Plaintiff fails to address the underlying reality set forth in those decisions that it is more efficient to proceed with discovery in trade secret actions *only after* the party alleging misappropriation has demonstrated that it knows what the alleged trade secrets are. This sequencing avoids a situation where the discovery process is abused by a Plaintiff seeking to use discovery to embark on a "fishing expedition" to uncover that which should be known at the outset at the time the lawsuit was brought. *See BioD, LLC v. Amnio Tech., LLC*, No. 13-CV-1670, 2014 WL 3864658, at *4 (D. Ariz. Aug. 6, 2014) (internal citations omitted). Stated differently, a staged trade secret disclosure requirement permits the parties and the Court to "nail down the asserted trade secrets with sufficient particularity to permit [the Court] to discern the reasonable bounds of discovery, to give defendants enough notice to mount a cogent defense, and to prevent plaintiff from indulging in shifting sands." *Quintara Biosciences, Inc. v. Ruifeng Biztech Inc*., No. 20-CV-04808, 2021 WL 965349, at *1-2 (N.D. Cal. Mar. 13, 2021) (discussing *Jobscience, Inc. v. CVPartners, Inc*., No. 13-CV-04519, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014)).

This staging protocol is not about denying relevant discovery to RealD, but instead it ensures an efficient deployment of party and judicial resources. It should also not be burdensome

on RealD, as "[a] true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery." *Jobscience*, 2014 WL 852477, at *5; *see also Grellner*, 2017 WL 9486621, at *2. Microsoft has already served an interrogatory seeking disclosure of alleged trade secrets (on December 2, 2022); Microsoft proposes that discovery be stayed until RealD provides a complete response to this request.

Similarly, Microsoft proposes that the initial production of materials responsive to Plaintiff's discovery requests will include materials other than emails or other electronic messaging platforms. Discovery of emails and other communications will occur only after discovery of other materials, and only upon a showing of need. Email discovery imposes significant burdens and costs that Microsoft maintains should only be undertaken once the scope of the case is more clearly defined such that the parties can be targeted in identifying the most relevant email custodians and applicable search terms. As above, this is not about denying RealD discovery into email; it is about conducting this expensive discovery in a staged and more efficient manner.

The parties have agreed to the proposed schedule below set forth below in Section 15.

### c. Electronically Stored Information

The parties are not aware of any issues relating to the disclosure, discovery, or preservation of electronically stored information. The parties are in the process of negotiating an agreed ESI Order and will submit a Stipulated ESI Order no later than January 27, 2023.

### d. Privilege Issues

The parties will file a separate proposed Protective Order with the Court that will govern protection of privileged and/or trial-preparation material. The parties will submit a Stipulated Protective Order, based upon the District's model order, no later than January 27, 2023.

The parties also agree and propose that privileged documents (and documents protected by the work-product doctrine) created after the filing of the instant lawsuit need not be identified on a privilege log.

### e.  Changes to Discovery Limitations

The parties agree to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure, but agree to meet and confer in good faith regarding specific requests to exceed these limits, including the total length of time that a witness testifying as a corporate designee pursuant to Fed. R. Civ. P. 30(b)(6) may be deposed.

### f.  Need for Any Discovery-Related Orders

The parties only anticipate a need for an ESI Order and Protective Order, both of which are discussed above and will be submitted by January 27, 2023.

### 3.  Views on Local Civil Rule 26(f)(1)

### a.  Prompt Case Resolution

The parties support prompt resolution of this case. The parties believe that the most efficient and effective way to promptly resolve this dispute is by the proposed disclosure and discovery plan set forth in Section 15.

### b.  Alternative Dispute Resolution

Before RealD filed this action, the parties engaged in mediation. The parties propose engaging in further settlement negotiations within four weeks of the issuance of the Court's claim construction order.

### c.  Related Cases

The parties are not aware of any related cases.

### d.  Discovery Management

The parties agree to work together to minimize discovery disputes and attempt to resolve such disputes informally prior to involving the Court. To the extent that the parties are unable to resolve such disputes without Court intervention, the parties agree to present such disputes jointly through the procedure set forth in LCR 37(a)(2).  The parties do not currently propose any further changes or limitations to discovery beyond those under the Federal and Local Civil Rules and those discussed above in Section 2(e).

**e.  Anticipated Discovery Sought**

The parties intend to conduct discovery on issues raised in the Complaint and Answer, including the subject areas identified in Section 2(b).

**f.  Phasing Motions**

Except as described here or in the Local Patent Rules, the parties do not currently believe that phasing motions will facilitate early resolution of potentially dispositive issues.

**g.  Preservation of Discoverable Information**

The parties confirm that they have taken all reasonable steps to preserve discoverable information in their custody and control.

**h.  Privilege Issues**

See Section 2(d) above.

**i.  Model Protocol for Discovery of ESI**

See Section 2(c) above.

**j.  Alternatives to Model Protocol**

The parties are negotiating a Stipulated ESI Discovery Agreement based on the Model ESI Agreement.

**4.  Views of Local Patent Rule 110**

**a. Any Proposed Modification of the Deadlines Provided for in These Local Patent Rules, and the Effect of Any Such Modification on the Date and Time of the Claim Construction Hearing, if any**

The parties have not proposed any modification of the deadlines provided for in the Local Patent Rules. See Section 15 below.

**b. Whether Confidentiality Concerns Affect the Disclosures Contemplated in These Rules and, if so, the Parties' Position on How They Should be Addressed**

See Section 2(d) above.

**c. Whether and/or When a Tutorial Might be Scheduled to Assist the Court to Understand the Underlying Technology**

The parties are agreeable to the Court deciding whether a technical tutorial would be helpful to the Court in advance of the Claim Construction Hearing.  The parties propose submitting a status report to the Court 90 days prior to the scheduled Markman hearing to address the format for the Markman hearing and whether the parties believe that a technical tutorial would be helpful to the Court.

**d. Whether Discovery Should be Allowed Before the Disclosures Required by Patent Local Rule 120**

The parties believe discovery should be allowed before the disclosures required by Local Patent Rule 120.

*RealD's Opposition to Staying Trade Secret Discovery:* As stated on pages 4-7, RealD opposes Microsoft's proposed stay of discovery on Plaintiff's trade secret claims because the proposed stay is unnecessary, unsupported, and merely another veiled attempt to deny RealD discovery relevant to its asserted claims.

*Microsoft's Proposal:* Microsoft proposes that discovery on Plaintiff's trade secret claim be delayed until RealD makes an appropriate disclosure of its alleged trade secrets and incorporates by reference the position statement set forth in the above Discovery Plan at pages 7 to 9.

**e. Whether any Party Plans to Bring a Motion for Preliminary Injunction or a Dispositive Motion Before the Claim Construction Hearing and, if so, the Nature of Such Motion**

At this time, Plaintiff does not intend to bring a motion for preliminary injunction or a dispositive motion before the Claim Construction Hearing.

At this time, Defendant is considering whether it may bring a dispositive motion before the Claim Construction Hearing, including a potential motion under Rule 12(c) or Rule 56 seeking judgment as a matter of law that the claims of the asserted patent are patent ineligible under 35 U.S.C. § 101, or a potential motion for summary judgment relating to Plaintiff's trade secret or breach of contract claims.

**f. The Need for Any Specific Limits on Discovery Relating to Claim Construction, Including Depositions of Witnesses, Including Expert Witnesses.**

The parties are not aware of the need for any specific limits on discovery relating to claim construction.

**g. Whether the Court Should Appoint an Expert to Hear and Make Recommendations on Claim Construction Issues.**

At this time, the parties do not believe the Court should appoint an expert in this case.

**h. The Nature of the Claim Construction Hearing (e.g., an evidentiary hearing)**

The parties agree to confer for the purpose of proposing the nature of the Claim Construction Hearing, as discovery progresses.  The parties propose submitting a status report to the Court 90 days prior to the scheduled Markman hearing to address the format for the Markman hearing and whether the parties believe that a technical tutorial would be helpful to the Court.

**5.  Bifurcation**

At this time, the parties do not believe that the case should be bifurcated.

**6.  Whether the pretrial statements and pretrial order called for by Local Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties do not wish to dispense with pretrial statements or the pretrial order required by Local Rules 16(e), (h), (i), and (k), and 16.1.

**7.  Other suggestions for shortening or simplifying the case**

The parties consent and agree, pursuant to Federal Rule of Civil Procedure 5(b)(2)(e) that non-ECF service may be made by electronic mail, with copies sent to all attorneys for the parties served. At this time, the parties do not have any other additional suggestions for shortening or simplifying the case.

**8.  Jury or Non-Jury Trial**

Plaintiff has demanded trial by jury.

**9.  Number of Trial Days**

The parties anticipate being able to complete the trial in 10 days.

**10.  Trial Counsel**

The names, addresses, and telephone numbers of all trial counsel are listed below as undersigned counsel.

**11. Trial Date Conflicts**

At this time, the parties' attorneys are not aware of any conflicts that would pose complications regarding setting a trial date around the time period suggested below in Section 15.

**12. Service**

The Defendant has been served.

**13. Scheduling Conference**

The parties do not believe a conference with the Court is needed at this time.

**14. Disclosure Statements**

Plaintiff filed a corporate disclosure statement on November 14, 2022, and Defendant filed its corporate disclosure statement on November 16, 2022.

**15. Proposed Case Schedule**

The parties have agreed to the proposed schedule below.

| EVENT | DEADLINE |
|---|---|
| Plaintiff to serve Preliminary Infringement Contentions and Disclosure of Asserted Claims and accompanying file history for each asserted patent (PAT 120) | December 27, 2022 |
| Defendant to serve Preliminary Non-Infringement and Invalidity Contentions (PAT 121) and accompanying document production (PAT 122) | January 26, 2023 |
| Parties to exchange Proposed Terms and Claim Elements for Construction (PAT 130) | February 15, 2023 |
| Parties to exchange Preliminary Claim Constructions and Extrinsic Evidence (PAT 131) | March 17, 2023 |
| Deadline to join additional parties | March 23, 2023 |

| Deadline for amending pleadings | March 23, 2023 |
|---|---|
| Parties to file Joint Claim Chart and Prehearing Statement (PAT 132) | April 7, 2023 |
| Construction Expert Disclosures, if necessary (PAT 132) | May 1, 2023 |
| Completion of claim construction discovery, if necessary (PAT 133) | June 20, 2023 |
| Joint Claim Construction Brief (PAT 134)<br>1. Plaintiff to serve opening brief<br>2. Defendant to serve answering brief<br>3. Plaintiff to serve reply brief<br>4. Defendant to serve sur-reply brief<br>5. Parties to file Joint Claim Construction Brief | 1. June 26, 2023<br>2. July 28, 2023<br>3. August 25, 2023<br>4. September 22, 2023<br>5. September 29, 2023 |
| Tutorial (if necessary) (PAT 132(g)) | At least 14 days prior to the Claim Construction Hearing Ready Date |
| Claim Construction Hearing Ready Date (PAT 135) | October 27, 2023 |
| Completion of settlement negotiations | 4 weeks after issuance of Claim Construction Order |
| Close of fact discovery | November 1, 2023 |
| Parties to exchange Initial Expert Reports | January 1, 2024 |
| Parties to exchange Supplemental Expert Reports | February 12, 2024 |
| Close of expert discovery | March 16, 2024 |

| Parties to file case dispositive motions and/or *Daubert* motions | April 29, 2024 |
|---|---|
| Trial Ready Date | September 1, 2024 |

**16. Certification**

Counsel for the parties certify that they have reviewed Judge Lin's Chambers Procedures, the Local Rules, General Orders, and the applicable Electronic Filing Procedures.

**17. Certification**

Counsel for the parties certify that they have reviewed and complied with Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

Dated: December 12, 2022.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**MCKOOL SMITH, P.C.**

/s/  Kaleigh N. Boyd

Kaleigh N. Boyd, WSBA #52684
kboyd@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: 206.682.5600/Fax:
206.682.2992

Ashley N. Moore
Texas State Bar No. 24074748
amoore@McKoolSmith.com
Alexandra F. Easley
Texas State Bar No. 24099022
aeasley@McKoolSmith.com

**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR PLAINTIFF
REALD, INC.**

/s/ Molly A. Terwilliger

Molly A. Terwilliger, WSBA No. 28449
Patty Eakes, WBSA No. 18888
Morgan, Lewis & Bockius LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101
T: (206) 274-6400
F: (206) 274-6401
molly.terwilliger@morganlewis.com
patty.eakes@morganlewis.com

Natalie Bennett (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-3001

natalie.bennett@morganlewis.com

Andrew V. Devkar (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
T: (310) 255-1000
F: (310) 255-2000
andrew.devkar@morganlewis.com

Thomas R. Davis (admitted *pro hac vice*)
Susan Stradley (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
T: (713) 890-5000
F: (713) 890-5001
thomas.davis@morganlewis.com
susan.stradley@morganlewis.com

**COUNSEL FOR DEFENDANT
MICROSOFT CORPORATION**