1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REALD SPARK, LLC,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

Civil Action No. 2:22-cv-00942-TL

**STIPULATED
PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to the following Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with LCR 26(c).  This agreement does not confer blanket protection on all disclosures or responses to discovery.  This agreement affords protection from public disclosure and use that extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential material or information under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges any of the following under this Stipulated Protective Order: (1) the designation or non-designation of Disclosure or Discovery Material or (2) the amount of printed Source Code to be produced.

2.2 <u>"CONFIDENTIAL" Protected Material</u>: "Confidential" Protected Material is material or information (regardless of how it is generated, stored, or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c) and shall include the following: non-public documents identifying actual or potential customers; research and development; non-public completed or ongoing projects; non-public responses to solicitations or requests for proposals; financial, cost, and pricing information; and information subject to non-disclosure or other confidentiality agreements with third-parties.

2.3 <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5 <u>Disclosure or Discovery Material</u>:  all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, and transcripts), that are produced, disclosed, or used in this matter.

2.6. <u>Final Disposition</u>:  the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.7 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material</u>: "Highly Confidential – Attorneys' Eyes Only" Protected Material is material or information (regardless of how it is generated, stored, or maintained) that qualify for protection under Federal

Rule of Civil Procedure 26(c), the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, and shall include the following: proprietary design and development materials for products and/or services; proprietary algorithms, software, designs, and trade secrets; sensitive products and/or services; and strategic decision-making information.  Highly Confidential – Attorneys' Eyes Only Protected Material includes any personal information that a Party or Non-Party reasonably believes to be subject to federal, state or foreign Data Protection Laws or other privacy obligations.  Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information);  Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR"), and the UK Data Protection Act (DPA) 2018.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material: "Highly Confidential – Source Code" Protected Material is material or information (regardless of how it is generated, stored, or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c) and shall include the following: material or information representing or consisting of Source Code as defined in section 2.18.

2.9     House Counsel:  in-house counsel of a Party to this action and paralegals and other legal department employees working at the direction of such in-house counsel who have no involvement in competitive decision-making, and to whom disclosure is reasonably necessary for this litigation.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and who have appeared in this action or attorneys whose law firm has appeared in this action on behalf of that Party.

2.12    Party:    Includes RealD Spark, LLC ("RealD"), and Microsoft Corporation ("Microsoft").

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17    Retained Consultant:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.18    Source Code: material that comprises, includes, or substantially discloses confidential, proprietary, or trade secret source code or algorithms.  Such material may include, among other things, computer code, associated comments, and/or revision histories for computer code; and/or formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software designs.

3.      SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any document produced before issuance of this Stipulated Protective Order with the designation "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall receive the same treatment as if designated under this Stipulated Protective Order, unless and until such document is redesignated to have a different classification under this Stipulated Protective Order.

4.      ACCESS TO AND USE OF PROTECTED MATERIAL

4.1     Basic Principles.

(a)  A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

(b)  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

(c)  A Receiving Party must comply with the provisions of Section 5 below (NON TERMINATION AND RETURN OF DOCUMENTS) when the litigation has been terminated.

(d)  A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

(e)  Nothing in this Stipulated Protective Order restricts a Producing Party's use of its own Protected Material.

4.2     Disclosure of "CONFIDENTIAL" Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  up to three House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) provided that such signed "Acknowledgement and Agreement to be Bound" is provided to the Designating Party prior to the disclosure of any "CONFIDENTIAL" Protected Material to the House Counsel described in this paragraph;

(c)  Retained Consultants (as defined in this Stipulated Protective Order) of the Receiving Party: (1) to whom disclosure is reasonably necessary for this litigation; (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) as to whom the procedures set forth in paragraph 4.5(a), below, have been followed;

(d)  the Court and its personnel;

(e)  court reporters and videographers, and their staff;

(f)  professional jury or trial consultants including mock jurors who have signed the "Non-Disclosure Agreement" (Exhibit B);

(g) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary;

(i) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed, knew, or reasonably may have known the Protected Material (*e.g.*, those identified in Section 11 regarding depositions); and

(j) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

4.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Retained Consultants (as defined in this Stipulated Protective Order) of the Receiving Party: (1) to whom disclosure is reasonably necessary for this litigation; (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) as to whom the procedures set forth in paragraph 4.5(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and videographers, and their staff;

(e) professional jury or trial consultants including mock jurors who have signed the "Non-Disclosure Agreement" (Exhibit B);

(f) Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(g) during their depositions, 30(b)(6) witnesses to whom disclosure is reasonably necessary;

(h) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed knew, or reasonably may have known the Protected Material (*e.g.*, those identified in Section 11 regarding depositions); and

(i) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

4.4    <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Retained Consultants (as defined in this Stipulated Protective Order) of the Receiving Party: (1) to whom disclosure is reasonably necessary for this litigation;  (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 4.5(a), below, have been followed without any unresolved objections.

The Receiving Party may only identify up to five Retained Consultants[1] to disclose the Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE";

(c) the Court and its personnel;

(d) court reporters and videographers, and their staff;

---

[1] For purposes of this paragraph, Retained Consultant is defined to include the Retained Consultant's direct reports and support personnel, such that the disclosure to the Retained Consultant who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single Retained Consultant.

(e) professional jury or trial consultants (but not mock jurors) who have signed the "Non-Disclosure Agreement" (Exhibit B);

(f) Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(g) during their depositions, 30(b)(6) witnesses to whom disclosure is reasonably necessary;

(h) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed knew, or reasonably may have known the Protected Material (*e.g.*, those identified in Section 11 regarding depositions) after disclosing the Protected Material to Designating Party; and

(i) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

4.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material to Retained Consultants.</u>

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a Retained Consultant (as defined in this Stipulated Protective Order) any Protected Material, must first make a written request to the Designating Party that (1) sets forth the full name of the Retained Consultant and the city and state of his or her primary residence, (2) attaches a copy of the Retained Consultant's current resume, (3) identifies the Retained Consultant's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her area of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and the Party to the litigation for whom such work was done, (5) identifies (by name and number of the case, filing date,  and location of court) any litigation in connection with which the Retained Consultant has offered expert testimony, including through a

declaration, report, or testimony at a deposition or trial, during the preceding five years, and (6) identifies any patents or patent applications in which the Retained Consultant is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. With regard to the disclosures sought through paragraph 4.5(a)(6), if the Retained Consultant believes disclosure of such information is subject to a confidentiality obligation to a Non-Party, then the Retained Consultant should provide whatever information the Retained Consultant believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the Retained Consultant must be available to meet and confer with the Designating Party regarding any such engagement prior to disclosing the Protected Material to the Retained Consultant.

(b)   A Party that makes a request and provides the disclosures specified in Paragraph 4.5(a) may disclose the categories of Protected Material identified in Paragraph 4.5(a)(1) to the identified Retained Consultant unless, within 10 calendar days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail all grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 calendar days of the written objection.  If no agreement is reached, either Party may file a "Motion For Teleconference To Resolve Discovery Dispute" (within 7 calendar days of the meet and confer) and the Parties shall submit a joint submission in accordance with the LCR 37(a)(2).

In any such proceeding, the Party opposing disclosure to the Retained Consultant bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Retained Consultant.

4.6   <u>Filing Protected Material</u>.   Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party,

1   in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

2   remove the corresponding designation, whether the document can be redacted, or whether a motion

3   to seal or stipulation and proposed order is warranted.  During the meet and confer process, the

4   Designating Party must identify the basis for sealing the specific confidential information at issue,

5   and the filing party shall include this basis in its motion to seal, along with any objection to sealing

6   the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and

7   the standards that will be applied when a party seeks permission from the court to file material

8   under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the

9   requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

10  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

11  the strong presumption of public access to the Court's files.

12  5.      NON TERMINATION AND RETURN OF DOCUMENTS

13      Within 60 calendar days after the Final Disposition of this action, as defined in paragraph

14  2.6, each Receiving Party must return all Protected Material to the Producing Party or destroy such

15  material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

16  compilations, summaries, and any other format reproducing or capturing any of the Protected

17  Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

18  submit a written certification to the Producing Party (and, if not the same person or entity, to the

19  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

20  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

21  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

22  capturing any of the Protected Material.

23      Notwithstanding this provision, counsel are entitled to retain one archival copy of all

24  documents filed with the Court, trial, deposition, and hearing transcripts, correspondence,

25  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

26  product, even if such materials contain Protected Material.

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

6.      DESIGNATING PROTECTED MATERIAL

        6.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that are shown to have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions at the discretion of the Court.

        If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

        6.2      Manner and Timing of Designations.   Except as otherwise provided in this Stipulated Protective Order (see, *e.g.*, Section 6.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

                (a)   Information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.  For Protected Material that is produced in native electronic format, the designation must

be included in the file name (with the original file name intact in metadata) and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy and on any slipsheet.

(b) <u>Testimony given in deposition or other pretrial proceedings</u>: the Designating Party shall either (1) identify on the record or (2) identify, in writing, within 21 calendar days of the deposition, that the transcript must be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Notwithstanding the previous provision and other provisions of this Stipulated Protective Order, if requested by a Receiving Party at or after a deposition, a Designating Party has 7 calendar days from the request, or until 21 calendar days from the deposition have passed, whichever is sooner, to designate the pages of the deposition transcript which are to be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." To the extent a deponent gives testimony regarding Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

Parties shall give the other Parties notice if they reasonably expect a pretrial proceeding (in court) to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings if and when such Protected Material is discussed. The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material. If a Party inadvertently fails to make a designation at the deposition or pretrial proceeding, the Parties shall treat any transcript that was not designated

on the record pursuant to paragraph 6.2(b) as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that 21-day period or of such earlier time that such transcript is designated, the transcript will be treated only as actually designated.

(c) for Protected Material produced in some form other than documentary and for any tangible things: the Producing Party must affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

6.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified Disclosure or Discovery Material does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon correction of a designation, the Receiving Party must make all reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order, which may require a Party to withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation.

In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall give written notice of such inadvertent production (the "Inadvertent Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation.  Upon receipt of an Inadvertent Production Notice and properly labeled Protected Material, the Receiving Party shall promptly destroy the inadvertently produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the Producing Party.  Should the Receiving Party choose to destroy such inadvertently produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 calendar days of receipt of written notice of the Inadvertent Production Notice and properly labeled Protected Material.  This provision is

1   not intended to apply to any inadvertent production of any document, material, or testimony

2   protected by attorney-client or work product privileges.

3   7.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

4            7.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of

5   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

6   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

7   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

8   challenge a confidentiality designation by electing not to mount a challenge promptly after the

9   original designation is disclosed.

10           7.2     Meet and Confer.  The parties must make every attempt to resolve any dispute

11  regarding confidential designations without court involvement.   Any motion regarding

12  confidential designations or for a protective order must include a certification, in the motion or in

13  a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference

14  with other affected parties in an effort to resolve the dispute without court action.  The certification

15  must list the date, manner, and participants to the conference.  A good faith effort to confer requires

16  a face-to-face meeting or a telephone conference.

17           7.3     Judicial Intervention.

18           If the Parties cannot resolve a challenge without court intervention, the Designating Party

19  may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance

20  with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be

21  on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to

22  harass or impose unnecessary expenses and burdens on other parties) may expose the challenging

23  party to sanctions.  All parties shall continue to maintain the material in question as confidential

24  until the court rules on the challenge.

25  8.      EXPERT MATERIALS

26           For Retained Consultants retained in anticipation of or in connection with this action,

documents constituting drafts of expert reports and declarations, and documents constituting notes created by or for an expert in connection with preparation of his or her expert report or declaration, shall not be discoverable and need not be preserved unless a testifying expert relies upon such drafts and/or notes.  Work product materials, including communications, generated in connection with non-testifying experts and consultants who are retained solely in anticipation of or in connection with the above-captioned litigation, shall not be discoverable absent an order by the Court.  Conversations or communications between House Counsel and/or Outside Counsel of Record and any testifying expert or consultant shall not be discoverable absent an order by the Court, except to the extent such conversations or communications are relied upon by the testifying expert.

9.      DISCLOSURE AND INSPECTION OF SOURCE CODE

(a)      To the extent Source Code is disclosed or produced in this case, a Producing Party may permit inspection of Source Code in a manner that maintains the security and confidentiality of the requested Source Code.  Any Source Code that is offered for inspection must be given all protections of "HIGHLY CONFIDENTIAL - SOURCE CODE" and only individuals to whom "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material may be disclosed, as set forth in Paragraphs 4.4 and 4.5 may inspect the Source Code.

(b)      Subject to the other provisions in this Stipulated Protective Order, any Source Code to be produced or disclosed in discovery will be made available for inspection upon reasonable notice to the Producing Party, which must not be less than five (5) business days in advance of the first requested inspection and three (3) business days in advance for every requested inspection thereafter.  However, the Producing Party shall make exceptions and permit less notice for later inspections when reasonably possible.  Except as provided herein, one secured computer that is unable to connect to external drives and that is without Internet or network access containing the Source Code in a format allowing it to be reasonably reviewed and searched ("Source Code

Computer"),[2] will be made available during normal business hours (9:00 am to 6:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel selected by the Producing Party, or at another mutually agreed upon location.  Upon reasonable notice from the Receiving Party, the Designating Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer outside of normal business hours.  Except as provided herein, the Source Code inspection must occur in a room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  All persons entering the inspection room where the Source Code is being viewed shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart.

The Producing Party shall install tools that are sufficient for viewing the Source Code produced for inspection on the Source Code Computer.

The Receiving Party's Outside Counsel and/or experts/consultants may request that additional commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least fourteen (14) business days in advance of the

---

[2] If a Receiving Party believes that it needs an additional Source Code Computer, and the parties are unable to reach agreement with respect to the additional Source Code Computer, the Receiving Party may seek relief from the Court.  If a Receiving Party believes that it needs a Source Code Computer to be available at trial, and the Parties are unable to reach agreement with respect to the additional Source Code Computer, the Receiving Party may seek relief from the Court.

date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party.  By way of example, the Producing Party will not compile or debug software for installation.

(c)     The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial.  The Parties agree that up to 400 pages total and 35 continuous pages is reasonable. The Parties also reserve the right to seek additional pages of printed source code, whether by agreement of the Parties or through the Court, should they be reasonably necessary.  Under no circumstances will a Receiving Party be provided paper copies for the purposes of reviewing the Source Code in the first instance.   Using the software available on the Source Code Computer, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date.  The request for printed Source Code must be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting.  Within three (3) business days of such request, the Producing Party shall provide five copies of all such Source Code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE," which the Parties agree not to challenge the authenticity of.  If the request is served after 5:30 p.m. local time, it will be deemed served the following business day.  The Producing Party may challenge the amount of Source Code to be provided in hard copy form pursuant to the dispute resolution procedure set forth below.

1.     <u>Timing of Challenges</u>.  The Receiving Party may challenge the Producing Party's refusal to provide a requested amount of printed Source Code.  Unless a prompt

challenge to a Producing Party's refusal is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a Producing Party's refusal to provide requested printed Source Code by electing not to mount a challenge promptly after the Producing Party has refused to provide the printed Source Code.

2.   <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding requests for printed Source Code without court involvement.  Any motion regarding a request for printed Source Code must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

3.   <u>Judicial Intervention</u>.  The Receiving Party has the burden to seek relief from the Court within three (3) business days from the date of the meet and confer, unless superseded by the applicable discovery dispute resolution procedures of any Judge or Magistrate Judge presiding over such dispute.

4.   <u>Burden of Persuasion</u>.  The burden of persuasion in any such challenge is on the Receiving Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.

(d)   The Receiving Party shall maintain a log of all paper copies of the Source Code.  The log must include the names of all reviewers and recipients of paper copies and locations where each paper copy is stored.  Upon three (3) business day's advance written notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.  The Receiving Party shall securely maintain and store any paper copies of the Source Code and any notes taken that reveal the substance or content of the Source Code at their

offices (which may be in their homes) in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  Except as set forth in this paragraph, the Receiving Party is prohibited from creating any electronic or other images or making electronic copies of the Source Code from any paper copy of the Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code), and must not convert any of the Protected Material contained in the paper copies into any electronic format.  Except as set forth in this paragraph, images or copies of Source Code must not be included in correspondence, including between the Parties (references to production numbers, file paths, and/or line numbers must be used instead) and must be omitted from the body of pleadings and other papers.  To the extent Source Code is included in an expert report, the Receiving Party may create an electronic copy or image of limited excerpts of Source Code for use in the expert report.  The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image ("Source Code File") has been encrypted using commercially reasonable software (specifically Microsoft Word Document Protect, 7Zip, or other software agreed upon by the Parties in writing) provided, however, that transitory images, such as images temporarily saved to the clipboard during copy/paste operations, do not need to be so encrypted.  The Receiving Party shall not transmit any Source Code Files using email (though they may email the passwords to encrypted files which are sent via SFTP or other secure file transfer), nor shall the Receiving Party store any Source Code Files on any handheld devices, such as smartphones.  Any transmission of Source Code Files shall be via secure FTP or password-protected media.  Copies of Source Code Files shall be deleted immediately from any media used for purposes of transfer after transfer is complete.  The Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the senders and recipients of any such electronic copies and the locations and manner in which the electronic copies are stored, to

the extent any electronic copies are stored outside of the law offices of Outside Counsel of Record for the Receiving Party.  Such log need not include the names of any attorneys or staff of Outside Counsel of Record for the Receiving Party.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are expressly authorized to view Source Code under the provisions of this Stipulated Protective Order.  Any electronic copies of any portions of source code (or documents containing said portions of source code) must be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Stipulated Protective Order.  The designation must be included in the file name of each Source Code file.

The Receiving Party may request additional paper copies, for example, if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying expert's report), (2) necessary for deposition, or (3) necessary for trial.  The Receiving Party shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph 10(b) in the first instance.

To the extent a deposition is likely to involve Source Code, the Party taking the deposition shall provide at least five (5) calendar days written notice of that fact.  The Parties are aware of the limited availability of Source Code Computers and thus will endeavor to not schedule multiple depositions on the same day in order to help ensure the availability of Source Code Computers at depositions.  Any paper copies used during a deposition will be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(e)     Other than a note taking computer discussed below, no recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, will be permitted into the Source Code review room.  For avoidance of doubt, use or possession of any input/output device (*e.g.*, USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD,

floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the Source Code. The Producing Party shall make best efforts to provide a secure location with WiFi access near the Source Code review room for inspecting individuals to store such media or recording devices (*e.g.*, their cellular telephones), their other electronic and non-electronic possessions, and to otherwise break out during Source Code inspections.

(f)     The Receiving Party's Outside Counsel and/or Retained Consultants will be entitled to take hand-written and/or electronic notes relating to the Source Code (including file paths, file names, line numbers, and identifier names) but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. When reviewing Source Code, the Receiving Party's Outside Counsel and/or Retained Consultants are entitled to bring a note taking computer into the Source Code review room to take electronic notes.

(g)     The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code, as authorized under Paragraph 4.4, shall maintain and store any paper copies of the Source Code and any notes taken during the inspection of the Source Code that reveal the substance or content of the Source Code at their offices (which may be in their homes) in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(h)     A Producing Party's Source Code may only be transported by the Receiving Party at the direction of a person authorized under this Stipulated Protective Order to another person authorized under this Stipulated Protective Order via hand carry, Federal Express, or other

1  similarly reliable courier.[3]

2  10.    PROTECTED MATERIAL IN DEPOSITIONS

3          Nothing contained herein shall be construed to prejudice any Party's right to use any

4  Protected Material in taking testimony at any deposition or hearing provided that the Protected

5  Material is only disclosed to a person(s) who is: (1) eligible to have access to the Protected Material

6  by virtue of his or her employment with the Producing Party, (2) identified in the Protected

7  Material as an author, addressee, or copy recipient of such information, (3) although not identified

8  as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course

9  of business, seen such Protected Material, (4) a current or former officer, director or employee of

10 the Producing Party or a current or former officer, director or employee of a company affiliated

11 with the Producing Party; or (5) otherwise eligible to have access to Protected Material by the

12 terms of this Stipulated Protective Order.  Protected Material shall not be disclosed to any other

13 persons unless prior authorization is obtained from Outside Counsel representing the Producing

14 Party or from the Court.

15 11.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

16         LITIGATION

17         11.1    If a Party is served with a subpoena or a court order issued in other litigation that

18 compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL,"

19 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

20 – SOURCE CODE" that Party must:

21             (a) promptly notify in writing the Designating Party.  Such notification must include

22 a copy of the subpoena or court order;

23

24 _____

[3] To the extent COVID-19, Federal/state/local restrictions impact the timing and conduct of
25 discovery, the Parties agree to promptly modify this Stipulated Protective Order to enable timely
discovery to continue.  For example, the parties could agree to enabling remote review of Source
26 Code material by Retained Consultants; allowing alternative transportation of Source Code; and
permitting the use of remote video depositions.

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification must include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material.  The Designating Party bears the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protected Order provides against disclosure in any other litigation.

11.2    The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

12.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Stipulated Protective Order.

(b) The terms, remedies, and relief provided by this Stipulated Protective Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action and

designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(c)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party, including an identification of withheld material sufficient to reasonably permit the Requesting Party to understand the nature of the information being withheld;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     pursuant to any procedures in an agreement between the Producing Party and the Non-Party, promptly follow those procedures in order to get authorization to produce the information requested.

(d)     If the Non-Party fails to object or seek a protective order from this Court within any mandated notice period (*e.g.*, notice period listed in any contract) or fourteen (14) calendar days, whichever is longer, of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. For avoidance of doubt, if the agreement between the Producing Party and the Non-Party does not permit the production of the requested information without authorization from the Non-Party even if the Non-Party fails to seek a protective order from this Court, then the Producing Party shall not be required to produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

1  in its possession or control that is subject to the confidentiality agreement with the Non-Party

2  before a determination by the Court.

3  13.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5  Material to any person or in any circumstance not authorized under this Stipulated Protective

6  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

7  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

8  Material or confirm destruction of all unauthorized copies of the Protected Material, (c) inform the

9  person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated

10 Protective Order, and (d) request such person or persons to execute the "Acknowledgment and

11 Agreement to Be Bound" that is attached hereto as Exhibit A.

12 14.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

13      MATERIAL

14      When a producing party gives notice to receiving parties that certain inadvertently

15 produced material is subject to a claim of privilege or other protection, the obligations of the

16 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision

17 is not intended to modify whatever procedure may be established in an e-discovery order or

18 agreement that provides for production without prior privilege review.  The parties agree to the

19 entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

20 15.  MISCELLANEOUS

21      15.1 Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the right

22 of any person to seek its modification by the Court in the future.

23      15.2 Right to Assert Other Objections.  By stipulating to the entry of this Stipulated

24 Protective Order, no Party waives any right it otherwise would have to object to disclosing or

25 producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated

26

Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

15.3 <u>Export Control</u>.  The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals may be restricted.  The Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  The restrictions contained within this paragraph may be amended through the express written consent of the Parties to the extent that such agreed to procedures conform with applicable export control laws and regulations.  Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

Notwithstanding this prohibition, Protected Material, exclusive of material designated HIGHLY CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.

If a deposition of a Producing Party's employee or 30(b)(6) designee occurs outside the United States, the Parties agree that Outside Counsel may share the Producing Party's Protected Materials with foreign counsel in that jurisdiction for purposes of the deposition.  Nothing in this provision shall prevent House Counsel or Outside Counsel of Record from travelling outside the territorial limits of the United States with their personal electronic devices, including laptops and/or cellphones, or reviewing their electronic mail while traveling abroad.

The prohibitions contained within this section may be amended through the express written consent of the Parties to the extent that such agreed to procedures conform with applicable export control laws and regulations.  Nothing in this section is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

15.4 <u>Privilege Logs.</u>  No Party is required to identify on its respective privilege log any document or communication dated after the filing of the Complaint.  The Parties will exchange their respective privilege logs at a time and in a format to be agreed upon by the Parties following the production of documents or as otherwise ordered by the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Respectfully submitted February 3, 2023.

**TUSLEY BRAIN STEPHENS, PLLC**

<u>s/ Kaleigh N. Boyd</u>
Kaleigh N. Boyd
kboyd@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
Fax: (206) 682-2992

**MICHAELMAN & ROBINSON, LLP**

Ashley N. Moore
300 Crescent Court, Suite 1700
Dallas, TX 75201
Telephone: (214) 273-4050
amoore@mrllp.com

**MCKOOL SMITH, P.C.**

Alexandra F. Easley
300 Crescent Court Suite 1500

**MORGAN, LEWIS, & BOCKIUS, LLP**

s/ Molly A. Terwilliger
Molly A. Terwilliger, WSBA #28449
Patty Eakes, WSBA #18888
301 Second Avenue, Suite 2800
Seattle, WA, 98101
Phone: (206) 274-6400
molly.terwilliger@morganlewis.com
Patty.eakes@morgnalewis.com

Andrew V. Devkar (admitted Pro Hac Vice)
2049 Century Park East, Suite 700
Los Angeles, CA, 90067-3109
Phone: (310) 907-1000
Andrew.devkar@morganlewis.com
Natalie A. Bennet(admitted Pro Hac Vice)
1111 Pennsylvania Avenue, NW
Washington, DC, 20004-2541
Phone: (202) 739-3000
natalie.bennett@morganlewis.com

1  Dallas, TX 75201
   Telephone: (214) 978-4000                    Thomas R. Davis (admitted Pro Hac Vice)
2  Telecopier: (214) 978-4044                    Susan Stradley (admitted Pro Hac Vice)
   aeasley@McKoolSmith.com                       1000 Louisiana Street, Suite 4000
3                                                 Houston, TX, 77002
                                                  Phone: (713) 890-1000
4                                                 thomas.davis@morganlewis.com
                                                  susan.stradley@morganlewis.com
5

6

7
      PURSUANT TO STIPULATION, IT IS SO ORDERED.
8

9     IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence 502(d), the

10 production of any documents in this proceeding shall not, for the purposes of this proceeding or

11 any other federal or state proceeding, constitute a waiver by the producing party of any privilege

12 applicable to those documents, including the attorney-client privilege, attorney work-product

13 protection, or any other privilege or protection recognized by law.

14

15    Dated this 7th day of February, 2023.

16

17

18    Tana Lin
      United States District Judge
19

20

21

22

23

24

25

26

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on

[MONTH/DAY/YEAR] in the case of *REALD SPARK, LLC, v. MICROSOFT CORPORATION*, No.

3:22-cv-00942-TL (W.D. Wash.).  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Stipulated

Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

<u>EXHIBIT B</u>

<u>NON-DISCLOSURE AGREEMENT</u>

I, _____ [print   or   type   full   name],   of

_____ [print or type full address], hereby acknowledge:


1.      I affirm that I am not a past or present officer, director, or employee (including in-house counsel) of any party to this case.

2.      I understand that the focus group study in which I have been requested to participate will result in the receipt by me of information considered by third parties to be confidential and proprietary.

3.      In consideration of my selection to participate in the focus group and my receipt of compensation for my participation in that study, I agree to keep all information disclosed to me during the course of such study as confidential, and I will not disclose such information to any other person.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____