THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REALD SPARK, LLC,

    Plaintiff,

v.

MICROSOFT CORPORATION,

    Defendant.

Case No. 2:22-cv-00942-TL

**DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSE**

**NOTE ON MOTION CALENDAR:
March 24, 2023**

**ORAL ARGUMENT REQUESTED**

**REDACTED VERSION**

DEFENDANT'S MOTION TO COMPEL
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND OVERVIEW OF NEED FOR IMMEDIATE RELIEF ............ 1

II. PROCEDURAL BACKGROUND ................................................................................... 3

III. APPLICABLE LAW ....................................................................................................... 4

IV. ARGUMENT .................................................................................................................... 5

    A. RealD Should Be Compelled To Provide An Interrogatory Response Identifying Its Alleged Trade Secrets With Particularity ..................................... 5

        1. RealD's Sweeping Identification of Alleged "Categories" of Trade Secrets Fails to Provide Reasonable Notice............................................... 6

        2. RealD's Identification of Alleged Trade Secrets is Deficient Because It Encompasses Publicly Known Eye Gaze Solutions................. 8

        3. RealD's Reliance on Rule 33(d) is Improper and Does Not Provide Adequate Notice as to What is Claimed to be Misappropriated.............. 10

    B. Discovery Responsive to RealD's Allegations of Trade Secret Misappropriation Should Be Deferred Until RealD Identifies Its Alleged Trade Secrets................................................................................................... 11

V. CONCLUSION............................................................................................................... 12

DEFENDANT'S MOTION TO COMPEL– Page i
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Atl. Rsch. Mktg. Sys. v. Troy*,
    659 F.3d 1345 (Fed. Cir. 2011) ................................................................................................9

*BioD, LLC v. Amnio Tech., LLC*,
    No. 13-cv-1670, 2014 WL 3864658 (D. Ariz. Aug. 6, 2014) ................................................11

*Bombardier Inc. v. Mitsubishi Aircraft Corp.*,
    383 F.Supp.3d 1169 (W.D. Wash. 2019) .................................................................................4

*CleanFish, LLC v. Sims*,
    No. 19-cv-3663, 2020 WL 4732192 (N.D. Cal. Aug. 14, 2020) .....................................5, 7, 8

*DropzoneMS, LLC v. Cockayne*,
    No. 16-cv-02348, 2019 WL 7630788 (D. Or. Sept. 12, 2019) .............................................5, 7

*Grellner v. Raabe*,
    No. 15-cv-0189, 2017 WL 9486621 (E.D. Wash. June 20, 2017) .........................................12

*I-Flow Corp. v. Apex Med. Techs., Inc.*,
    No. 07-cv-1200, 2008 WL 11342247 (S.D. Cal. Oct. 10, 2008) ..............................................5

*Imax Corp. v. Cinema Techs., Inc.*,
    152 F.3d 1161 (9th Cir. 1998) ..............................................................................................3, 5

*InteliClear, LLC v. ETC Glob. Holdings, Inc.*,
    978 F.3d 653 (9th Cir. 2020) ...............................................................................................3, 11

*Island Intell. Prop., LLC v. StoneCastle Asset Mgmt. LLC*,
    463 F.Supp.3d 490 (S.D.N.Y. 2020) ........................................................................................9

*Jobscience, Inc. v. CVPartners, Inc.*,
    No. 13-cv-4519, 2014 WL 852477 (N.D. Cal. Feb. 28, 2014) ............................................1, 2

*Keywords, LLC v. Internet Shopping Enters., Inc.*,
    No. 05-cv-2488, 2005 WL 8156440 (C.D. Cal. June 29, 2005) ..............................................7

*M.A. Mobile LTD v. Indian Inst. of Tech. Kharagpur*,
    No. 08-cv-2658, 2010 WL 3490209 (N.D. Cal. Sept. 3, 2020) .............................................11

DEFENDANT'S MOTION TO COMPEL– Page ii
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*MAI Sys. Corp. v. Peak Comput., Inc.*,
  991 F.2d 511 (9th Cir. 1993) ...............................................................................................5

*Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*,
  No. 22-cv-825, 2022 WL 4534422 (W.D. Wash. Sept. 28, 2022) ........................................7

*Sennco Solutions, Inc. v. Mobile Techs. Inc.*,
  No. 20-cv-1426, 2020 WL 8836070 (D. Or. Dec. 21, 2020)...............................................5, 6

*Space Data Corp. v. X*,
  No. 16-cv-3260, 2017 WL 5013363 (N.D. Cal. Feb. 16, 2017).........................................5, 10

*StonCor Grp., Inc. v. Campton*,
  No. 05-cv-1225, 2006 WL 314336 (W.D. Wash. Feb. 7, 2006)............................................5

*telSPACE, LLC v. Coast to Coast Cellular, Inc.*,
  No. 13-cv-01477, 2014 WL 4364851 (W.D. Wash. Sept. 3, 2014) ........................................5

*Top Agent Network, Inc. v. Zillow, Inc.*,
  No. 14-cv-4769, 2015 WL 7709655 (N.D. Cal. Apr. 13, 2015).............................................10

*Water Techs. Corp. v. Calco, Ltd.*,
  850 F.2d 660 (Fed. Cir. 1988)................................................................................................9

*Zunum Aero, Inc. v. Boeing Co.*,
  No. 21-cv-896, 2022 WL 17904317 (W.D. Wash. Dec. 23, 2022) .......................................11

**Statutes**

Defendant Trade Secrets, 18 U.S.C. §§ 1836, *et seq.* ....................................................................3

Washington State Uniform Trade Secret Act, RCW §§ 19.108.010, *et seq.* ..................................3

**Other Authorities**

Fed. R. Civ. P. 26(c) .........................................................................................................................1

Fed. R. Civ. P. 33(d) ..............................................................................................................4, 10, 11

Fed. R. Civ. P. 37(a) .........................................................................................................................1

DEFENDANT'S MOTION TO COMPEL– Page iii
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  Defendant Microsoft Corporation moves pursuant to Federal Rule 37(a) and LCR 37 for an order compelling specific identification of the purported trade secrets that Plaintiff RealD Spark, LLC alleges were misappropriated. Microsoft further seeks a Protective Order pursuant to Federal Rule 26(c) and LCR 26(c)(1) deferring discovery regarding the implementation of Microsoft's accused technology until RealD sufficiently identifies its purported trade secrets.

I.  **INTRODUCTION AND OVERVIEW OF NEED FOR IMMEDIATE RELIEF**

RealD's Complaint accused Microsoft of misappropriating certain trade secrets that were described in a non-limiting and, as RealD phrased it—"high-level"—fashion. Dkt. No. 1 ¶ 18. At the earliest opportunity, Microsoft propounded an interrogatory seeking a particularized description of each purported trade secret alleged to be misappropriated. Ex. 1, Defendant's First Set of Interrogatories to Plaintiff RealD Spark, LLC.[1] RealD's response regurgitates nearly *verbatim* the same "high-level groups" from its Complaint:



*See* Ex. 2, RealD's First Supplemental Objections and Responses to Microsoft's First Set of Interrogatories (No. 1) dated January 31, 2023.

"A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery." *Jobscience, Inc. v. CVPartners, Inc.*, No. 13-cv-4519, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014). Yet, after numerous meet-and-confers, RealD refuses to identify its claimed trade secrets with any additional precision or particularity. As a result, Microsoft is denied a meaningful opportunity to prepare its defense. The

---

[1] Exhibits are attached to the Declaration of Natalie A. Bennett filed herewith.

DEFENDANT'S MOTION TO COMPEL– Page 1
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

generic "categories" provided in the Complaint, which is publicly available, do not provide Microsoft with information as to what specifically RealD supposedly protected as trade secrets as opposed to generally available knowledge in this technology. These generic "categories" further fail to distinguish between information alleged to have been maintained in secret and information that RealD *disclosed to the public* in RealD's own patent asserted against Microsoft.

These vague "categories" will be of no help to the Court in helping the parties navigate discovery. Instead of serving a notice function, these vague categories pose questions that will remain unanswerable until RealD provides a detailed description of the material that it treated as a trade secret, and which Microsoft is alleged to have misappropriated. For example:

- How will the Court and Microsoft know which of the many image recognition algorithms (many of them publicly described) RealD claims as its own trade secrets?
- Which datasets is Microsoft alleged to have misappropriated from RealD?
- Even if Microsoft had access to RealD's source code, has RealD treated every line of it as a trade secret, such that an incidental appearance of a few similar coding techniques—no matter how conventional or well known—would entitle RealD to recovery?

RealD offers no specificity and certainly no clarity in hiding behind almost *three thousand* pages of recently produced documents allegedly containing further details of RealD's categories of trade secrets. The strategy of "our purported trade secrets must be in there somewhere" does not satisfy RealD's disclosure obligation. RealD claims to have developed the technological equivalent of a "secret sauce" entitled to trade secret protection. Surely RealD can describe what that technical solution is, in specific words, rather than expecting Microsoft or the Court to divine the alleged trade secrets after sorting through thousands of pages of documents.

If RealD cannot articulate the alleged trade secrets with particularity, there is no safe harbor that permits hedging as to the scope of its allegations. Courts recognize use of the discovery process to articulate a post-hoc misappropriation theory as classic gamesmanship. *Jobscience*, 2014 WL 852477, at *5 ("Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify whatever happens to be there as having been trade secrets stolen from plaintiff.").

DEFENDANT'S MOTION TO COMPEL– Page 2
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Microsoft therefore moves the Court to compel RealD to adhere to the minimum standard for trade secret identification: to "describe the subject matter of the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) (emphasis in original) (internal quotation marks omitted) (quoting *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998)). Indeed, "identifying trade secrets with sufficient particularity is important because defendants need concrete identification to prepare a rebuttal." *Id.* (internal citation omitted). Discovery as to sensitive technical issues should also be deferred until RealD provides the concrete details of what information it alleges is a trade secret and was allegedly misappropriated by Microsoft.

## II. PROCEDURAL BACKGROUND

RealD's Complaint asserts—among other claims—trade secret misappropriation under both the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, *et seq.* and Washington State Uniform Trade Secret Act, RCW §§ 19.108.010, *et seq. See* Dkt. No. 1. The Complaint describes RealD's attempt to license its video conferencing imaging technology, "SocialEyes," to Microsoft, and alleges that RealD, pursuant to an NDA, shared unspecified "confidential information" and "trade secrets" regarding SocialEyes with Microsoft, including the installation of SocialEyes demonstration software on a Surface Pro 4 tablet. *Id.* ¶¶ 14–22. RealD alleges that Microsoft has misappropriated RealD's trade secrets by "incorporating SocialEyes into Microsoft's Surface product line," hiring ex-RealD employees who worked on SocialEyes, and filing a patent application "directed to RealD's SocialEyes technology." *Id.* ¶¶ 27–28.

Because Microsoft did not incorporate the SocialEyes product into any of its offerings, and it did not have access to RealD's source code, Microsoft served a targeted interrogatory to RealD to ascertain what specific trade secrets RealD contends are at issue in this case. Ex. 1 at 5. Microsoft asked RealD: "[d]escribe with particularity each and every alleged Trade Secret that You contend Microsoft misappropriated, including, but not limited to the . . . representative

DEFENDANT'S MOTION TO COMPEL– Page 3
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

categories of alleged trade secrets identified in ¶¶ 18, 39–74 of Your Complaint." *Id.*

RealD's initial response to Interrogatory No. 1 on January 3, 2023 merely referred back to the supposed trade secret "categories" in the Complaint. *See* Ex. 3, RealD's Objections and Responses to Microsoft's First Set of Interrogatories (No. 1) at 3–5. On January 17, 2023, the parties first met and conferred on RealD's deficient response. Bennett Decl., ¶ 2. RealD informed Microsoft that it would be supplementing its response to Interrogatory No. 1 and planned to produce documents sufficient to identify the alleged trade secrets. *Id.* RealD maintained that the supplemental response and document production would resolve Microsoft's concerns. *Id.* ¶ 3.

However, RealD's substantive supplemental response is identical to its initial response, regurgitating its Complaint. *See* Ex. 2 at 5–7. The supplemental response referred Microsoft to thousands of pages of documents as well as source code under Fed. R. Civ. P. 33(d). The only additional narrative provided in the supplemental response is equally vague:



*Id.* at 6.

The parties met and conferred a second time regarding RealD's deficient supplemental interrogatory response on February 14, 2023. Bennett Decl. ¶ 5. The parties remain at an impasse as to whether RealD sufficiently identified the alleged trade secrets as well as whether RealD is entitled to rely on Rule 33(d). *Id.* ¶ 6.

### III. <u>APPLICABLE LAW</u>

"[A] plaintiff seeking relief for trade secret misappropriation must identify the trade secret 'with sufficient particularity . . . to permit the defendant to ascertain at least the boundaries within which the secret lies.'" *Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 383 F.Supp.3d 1169, 1178

DEFENDANT'S MOTION TO COMPEL– Page 4
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

(W.D. Wash. 2019) (internal citation omitted). The burden is on the plaintiff to identify its trade secrets with "sufficient specificity." *telSPACE, LLC v. Coast to Coast Cellular, Inc*., No. 13-cv-01477, 2014 WL 4364851, at *5 (W.D. Wash. Sept. 3, 2014); *DropzoneMS, LLC v. Cockayne*, No. 16-cv-02348, 2019 WL 7630788, at *11 (D. Or. Sept. 12, 2019) ("The Ninth Circuit's decision in *Imax* illustrates that it is the plaintiff's burden to describe the trade secret with precision."); *see also MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 522 (9th Cir. 1993) (trade secret plaintiff "must identify the trade secrets and carry the burden of showing that they exist"). A plaintiff has the burden of describing "the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries [within] which the secret lies." *Sennco Solutions, Inc. v. Mobile Techs. Inc*., No. 20-cv-1426, 2020 WL 8836070, at *2 (D. Or. Dec. 21, 2020) (citing *Space Data Corp. v. X*, No. 16-cv-3260, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017)).

## IV. ARGUMENT

### A. RealD Should Be Compelled To Provide An Interrogatory Response Identifying Its Alleged Trade Secrets With Particularity

RealD's responses to Interrogatory No. 1 do not "[d]escribe with particularity each and every alleged Trade Secret that [RealD] contend[s] Microsoft misappropriated." The overbroad nature of the response is embodied by RealD's reliance on the catch-all phrase "at least the following trade secrets." *See, e.g.*, *StonCor Grp., Inc. v. Campton*, No. 05-cv-1225, 2006 WL 314336, at *2 (W.D. Wash. Feb. 7, 2006) (requiring supplementation of interrogatory response identifying trade secrets due to inclusion of phrase "among other things"); *I-Flow Corp. v. Apex Med. Techs., Inc.*, No. 07-cv-1200, 2008 WL 11342247, at *3 (S.D. Cal. Oct. 10, 2008) (requiring same where response used phrases "includes" and "including" because "[c]hoice of words is crucial when . . . answering an interrogatory"); *CleanFish, LLC v. Sims*, No. 19-cv-3663, 2020 WL 4732192, at *3–4 (N.D. Cal. Aug. 14, 2020) (rejecting trade secret disclosures that are "broad

DEFENDANT'S MOTION TO COMPEL– Page 5
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

categories of information" relying on hedging phrases such as "including, but not limited to"). RealD relies on *generalities* rather than precise boundaries so as to maintain that *any information* previously shared with Microsoft is a trade secret when its burden is to identify only information that is worthy of trade secret protection.

For the reasons set forth below, this Court should compel RealD to provide a compliant response. This Court should further defer discovery into Microsoft's accused and highly sensitive technical details until RealD properly identifies the contours of the alleged trade secrets.

### 1. RealD's Sweeping Identification of Alleged "Categories" of Trade Secrets Fails to Provide Reasonable Notice

RealD fails to identify a single actual trade secret within any "high-level" category set forth in its Complaint and two attempts at an interrogatory response. RealD's own description of the "categories" of trade secrets are not tailored and are, in fact, applicable to any entity providing eye gaze correction solutions. Such sweeping "categories" of alleged trade secrets fail to satisfy the well-accepted standard of (1) putting a defendant on notice of the nature of plaintiff's claims and (b) enabling a defendant to determine the relevance of any requested discovery concerning its trade secrets. *See Sennco*, 2020 WL 8836070, at *2.

For example, category #1 broadly covers  RealD Supp. ROG 1 Response at 5 (emphasis added). Notwithstanding that this non-limiting description could cover any algorithm, RealD's supplemental response confirms that RealD is aware of the algorithms at issue. As highlighted below, RealD references "its algorithms," but RealD does not disclose what those algorithms are:

RealD's response fails to identify the *actual* algorithms that—in its own words—RealD evaluated and refined. By merely "point[ing] to general categories in which it alleges trade secret

DEFENDANT'S MOTION TO COMPEL– Page 6
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  misappropriation, [RealD] fails to sufficiently identify its alleged trade secrets because it does not
2  clarify what specific components" actually constitute the trade secrets. *Olson Kundig, Inc. v. 12th*
3  *Ave. Iron, Inc.*, No. 22-cv-825, 2022 WL 4534422, at *8 (W.D. Wash. Sept. 28, 2022) (internal
4  quotations omitted); *CleanFish*, 2020 WL 4732192, at *3 (finding that Plaintiff's "broad
5  categories of information" are "too high level to give the Court or Defendants notice of the
6  boundaries of the alleged trade secrets."). As a result, *any* algorithm that RealD's expert identifies
7  in Microsoft image correction tools can be made to fit this definition in a classic *post hoc* fashion.

8        Similarly, Category #2 relates to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮ RealD Supp. ROG 1 Response at 5. Not only is this description overbroad, but RealD
10 again confirms that it knows which data sets are at issue. *Id.* at 6 ▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. However, RealD again
12 fails to specifically identify the data sets it is relying on as a trade secret.

13       Categories #3 and #4 are even more problematic, as they relate to some unspecified know-
14 how and negative know-how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Both
15 "know-how" (i.e., knowledge as to *what works*) and "negative know-how" (i.e., knowledge about
16 *what does not work* in a particular field) generally presuppose some proprietary or secret nature of
17 that knowledge outside the public domain. As such, any eye gaze technology developer
18 imaginable (and this includes Microsoft with its technology development predating RealD) would
19 generate its own know-how and negative know-how in this field. RealD's description fails to
20 separate what specific positive and negative knowledge it supposedly developed on its own.

21       Lastly, category #5 is ▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮ This definition is, of course, circular and deficient for all the reasons above. RealD
23 must provide notice to Microsoft as to precisely which portions of the code are at issue but has
24 failed to do so. *DropzoneMS*, 2019 WL 7630788, at *11 ("Here, plaintiff has failed to identify
25 such 'specific key aspects' of its source code"); *Keywords, LLC v. Internet Shopping Enters., Inc*.,
26 No. 05-cv-2488, 2005 WL 8156440, at *17 (C.D. Cal. June 29, 2005) (plaintiff "failed to identify

DEFENDANT'S MOTION TO COMPEL– Page 7
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

what portions of the source codes constitute[d] trade secrets, and the court thus [could not] determine whether [the alleged trade secrets] meet the UTSA's definition of a trade secret"). It is true that RealD has produced its source code, but no amount of inspection of that code by Microsoft will answer the question that only RealD can answer: which parts of the code (filenames, functions, APIs, database calls, etc.) RealD itself protects as its trade secrets.

Only once RealD describes and identifies the universe of trade secrets at issue in this case can Microsoft examine whether the material is, in fact, entitled to trade secret protection and, if so, demonstrate that it did not misappropriate any of that material. Accordingly, the Court should order RealD to describe the scope of the alleged trade secrets with sufficient particularity to allow meaningful discovery to ensue.

### 2. RealD's Identification of Alleged Trade Secrets is Deficient Because It Encompasses Publicly Known Eye Gaze Solutions

RealD's five categories of purported trade secrets make no distinction between what is publicly known and what RealD kept secret. The overbroad "categories" of alleged trade secrets would encompass eye gaze correction technology disclosed in publicly available patents and publications that could not possibly constitute trade secrets. These broad descriptions are "indistinguishable from matters of general knowledge within the parties' industry" and it would be "impossible to ascertain any boundaries within which the secret lies, let alone conduct an item-by-item determination of what is and is not protectable." *CleanFish*, 2020 WL 4732192, at *4 (internal citations and quotation marks omitted).

For example, RealD's categories of purported trade secrets would seemingly encompass: any algorithm (#1), any data set (#2), and any know-how/negative know-how (#3, #4). These categories of purported trade secrets would allow RealD to argue that virtually any eye gaze correction technology in existence falls within its trade secret protection, even technology that is publicly disclosed and therefore could not possibly be a trade secret. This not only violates common sense, but also prejudices Microsoft's ability to prepare its defenses and requires

DEFENDANT'S MOTION TO COMPEL– Page 8
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Microsoft to turn over highly confidential information regarding its accused technology prior to RealD properly identifying the contours of the alleged trade secrets.

RealD's generic descriptions lay bare the inherent tensions arising when the allegedly misappropriated technology is also subject to patent protection, as is the case here. It is axiomatic that "[a] trade secret is secret. A patent is not. That which is disclosed in a patent cannot be a trade secret." *Atl. Rsch. Mktg. Sys. v. Troy*, 659 F.3d 1345, 1357 (Fed. Cir. 2011). RealD blurs those clear distinctions in claiming trade secret protection over broad categories of publicly known information and eye gaze correction solutions that are abundant in prior art patents and publications—including RealD's patent. RealD's interrogatory response fails to articulate "something more" than what is disclosed in a patent. *Id.*; *see also Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 670 (Fed. Cir. 1988) ("Those patents issued [on] a date before [the] disclosure to [defendant], so that the information 'misappropriated' could not possibly be a trade secret."); *Island Intell. Prop., LLC v. StoneCastle Asset Mgmt. LLC*, 463 F.Supp.3d 490, 500 n.3 (S.D.N.Y. 2020) ("[p]ublication in a patent destroys the trade secret").

RealD's purported "categories" of trade secrets are coextensive with patent disclosures in the field of eye gaze correction. In particular, RealD's first category of purported trade secrets, "image recognition algorithms," have been around for decades:

- A 1995 U.S. patent that discloses "a flowchart of a face-recognition algorithm" and references numerous other "[a]lgorithms [] which are not specifically image processing or fuzzy logic related but may be used for face recognition or the recognition of objects." This patent also references even earlier patents that disclose image recognition algorithms.[2]

- A 2007 Korean patent titled *System and method for face recognition* that discloses and claims: "[A] way to recognize faces in an image, a) recording a plurality of images each having an object to be recognized b) Apply an image classification algorithm that measures the similarity of two images and makes a judgment about their identity…".[3]

RealD cannot distinguish between the inventions disclosed in these aged patents and its alleged "trade secrets." RealD should be ordered to identify with specificity how its purported "image

---

[2] *See* Ex. 4.
[3] *See* Ex. 5.

DEFENDANT'S MOTION TO COMPEL– Page 9
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

recognition algorithm" is different from the numerous facial recognition algorithms that are known and publicly disclosed.

Likewise, RealD does not claim that it was the first entity to use "datasets" in eye gaze correction training (and indeed it was not). Below are exemplary descriptions of public information that fall within RealD's high-level "categories." Because the RealD disclosures are coextensive with public information, these disclosures cannot as a matter of law give rise to allegations of misappropriation against Microsoft.

- **RealD Category of "image recognition algorithms"** encompasses RealD's asserted Patent, U.S. No. 10,740,985 ("the '985 Patent"). Ex. 6. In the specification, RealD publicly discloses steps that may be performed using image recognition algorithms, including techniques for "detecting the presence of the head." *Id.* at col. 6 ll. 40–51.
- **RealD Category of "Datasets to support SocialEyes' image recognition methods"** is also disclosed in RealD's '985 Patent ("The method comprises a step S100 of receiving training data 100. [] The training data 100 comprises a set of input patches."). *Id.* at col. 7 ll. 32–38.
- **RealD Category of Know-how and Negative Know-How Related to "Corresponding Datasets"** is found in prior art from 2015 and 2016 respectively that Microsoft relied on in its invalidity contentions that discloses "datasets" for the same eye gaze features. *See* Ex. 7, MSFT_00001393–1401 (titled "Learning to look up: Realtime monocular gaze correction using machine learning," and explaining in June 2015 that "*suitable datasets have emerged over the recent years with the gaze tracking application in mind*. In our current implementation, we draw training samples from the *publicly available Columbia Gaze dataset*" and then disclosing an implementation dataset referred to as the "Skoltech dataset") (emphasis added); Ex. 8, MSFT_00001333-1350 (titled "Deepwarp: Photorealistic image resynthesis for gaze manipulation" and discussing in September 2016 the topics of discussing "Data Preparation," "Dataset," and Quantitative Evaluation models for the data).

Because RealD has not clarified "which aspects of its technology and other information are part of patents and pending patent applications, if any, and which are secret," further disclosure is needed. *Space Data*, 2017 WL 5013363, at *2. The Court should compel RealD to distinguish its allegations of alleged trade secrets from the known prior art relating to eye gaze correction. *See Top Agent Network, Inc. v. Zillow, Inc.*, No. 14-cv-4769, 2015 WL 7709655, at *5 (N.D. Cal. Apr. 13, 2015) (requiring plaintiff "to distinguish the allegedly shared trade secrets from non-trade secret information").

       **3.**       **RealD's Reliance on Rule 33(d) is Improper and Does Not Provide Adequate Notice as to What is Claimed to be Misappropriated**

RealD's interrogatory response employs Rule 33(d) to direct Microsoft towards nearly

DEFENDANT'S MOTION TO COMPEL– Page 10
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**3,000 pages** of material and an untold amount of source code without any further specificity as to where the alleged trade secrets are located within those vast swaths of discovery. This approach contravenes the well-established proposition that "[i]t is inadequate for plaintiffs to cite and incorporate by reference hundreds of documents that purportedly reference or reflect the trade secret information." *InteliClear*, 978 F.3d at 658 (internal quotations and citation omitted). Recently, a court in this District found a Rule 33(d) response insufficient where the plaintiff pointed to more than 7,000 pages of material that purportedly contained the trade secrets at issue. *Zunum Aero, Inc. v. Boeing Co.*, No. 21-cv-896, 2022 WL 17904317, at *5 (W.D. Wash. Dec. 23, 2022). RealD's Rule 33(d) response points to almost three thousand pages "where further delineation of trade secret categories #1–4 can be found." Ex. 2 at 6. Microsoft "should not have to comb through plaintiffs' [extensive] pleading and exhibits to determine what is being claimed as [a] trade secret," especially when these pages almost certainly include "public information and other seemingly non-trade secret information." *M.A. Mobile LTD v. Indian Inst. of Tech. Kharagpur*, No. 08-cv-2658, 2010 WL 3490209, at *5 (N.D. Cal. Sept. 3, 2020).

**B.  Discovery Responsive to RealD's Allegations of Trade Secret Misappropriation Should Be Deferred Until RealD Identifies Its Alleged Trade Secrets**

Despite having not yet identified its alleged trade secrets, RealD has now served written discovery on Microsoft consisting of 66 requests for production, 12 interrogatories, and five requests for admission. *See* Ex. 9; Ex. 10; Ex. 11. RealD should not be able to pursue a "fishing expedition" into Microsoft's confidential information before crafting its trade secret claim. *BioD, LLC v. Amnio Tech., LLC*, No. 13-cv-1670, 2014 WL 3864658, at *5 (D. Ariz. Aug. 6, 2014).

The conundrum Microsoft faces manifests in the very first Request for Admission that RealD propounded on Microsoft: "Admit that one or more of the Accused Functionalities rely on use of an image recognition algorithm." Ex. 11 at RFA No. 1. If Microsoft uses *any image recognition algorithm*—even one that it adopted from a public disclosure—that would fall within RealD's category #1. Throughout RealD's Requests for Production and Interrogatories directed

DEFENDANT'S MOTION TO COMPEL– Page 11
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

to the trade secret allegations, Microsoft faces the impossible task of meaningfully responding to allegations that do not provide adequate notice and do not distinguish between the alleged trade secrets and the prior art. Accordingly, the Court should grant a Protective Order deferring any discovery as to the trade secret misappropriation allegations until RealD sufficiently identifies the alleged trade secrets. In the absence of such relief, RealD will have succeeded in creating an "improper advantage" by demanding discovery into Microsoft's confidential information while providing only "a general, non-technical description of [its] alleged trade secrets." *Grellner v. Raabe*, No. 15-cv-0189, 2017 WL 9486621, at *1–2 (E.D. Wash. June 20, 2017).

## V. CONCLUSION

Microsoft respectfully requests that the Court enter an order compelling RealD to sufficiently identify its trade secrets in response to Interrogatory No. 1 prior to any discovery of Microsoft relating to the allegations of trade secret misappropriation.

DEFENDANT'S MOTION TO COMPEL– Page 12
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

I certify that this memorandum contains 4,200 words, in compliance with the Local Civil Rules.

Date: March 3, 2023

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Molly A. Terwilliger, WSBA #28449
Patty Eakes, WSBA #18888
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
molly.terwilliger@morganlewis.com
patty.eakes@morganlewis.com

Natalie A. Bennett (admitted *Pro Hac Vice*)
1111 Pennsylvania Avenue, NW
Washington, DC, 20004-2541
Phone: (202) 739-3000
Natalie.bennett@morganlewis.com

Andrew V. Devkar (admitted *Pro Hac Vice*)
2049 Century Park East, Suite 700
Los Angeles, CA, 90067-3109
Phone: ((310) 907-1000)
Andrew.devkar@morganlewis.com

Thomas R. Davis (admitted *Pro Hac Vice*)
Susan Stradley (admitted *Pro Hac Vice*)
1000 Louisiana Street, Suite 4000
Houston, TX, 77002
Phone: (713) 890-1000
thomas.davis@morganlewis.com
susan.stradley@morganlewis.com

*Attorneys for Defendant Microsoft Corporation*

DEFENDANT'S MOTION TO COMPEL– Page 13
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March 2023, I served the foregoing document via electronic means through the Court's Case Management/Electronic Case File (CM/ECF) system, which will send an automatic notification of filing to each party registered for electronic service.

SIGNED THIS 3rd day of March 2023 at Seattle, Washington.

## CERTIFICATION OF COUNSEL

Consistent with Fed. R. Civ. P. 37(a)(1) and the local rules of this Court, counsel for Microsoft certify that they have in good faith conferred with RealD's attorneys in an effort to obtain the requested discovery without involving the Court. The parties, however, were unable to resolve the matter.

DATED: March 3, 2023.

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Molly A. Terwilliger*
Molly A. Terwilliger, WA Bar # 28449
Molly.terwilliger@morganlewis.com

DEFENDANT'S MOTION TO COMPEL– Page 14
(Case No. 2:22-cv-00942-TL)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401