THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REALD SPARK, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | CASE NO. 2:22-cv-00942-TL<br><br>**LCR 37 SUBMISSION OF AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION [PROPOSED] ORDER** |

**[PROPOSED] ORDER**

Before the Court is the Parties' LCR 37 Submission of Agreement Regarding Discovery of Electronically Stored Information, dated March 1, 2023 (Dkt. No. 45). Having considered the briefing and applicable law, IT IS SO ORDERED:

I.    As to the Number of Search Custodians, the Court ADOPTS the following:

[ X ] **Plaintiff's Proposal:** "The parties shall identify the thirteen (13) custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of information under the custodian's control. If circumstances or discovery

so merit, the parties either agree or seek Court intervention to add additional custodians."

**[__] Defendant's Proposal:** "The seven custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control. The parties can agree to adjust the number of custodians or seek Court intervention if good cause can be demonstrated and the circumstances require further custodial discovery."

II. As to the Number of Search Terms, the Court ADOPTS the following:

**[ X ] Plaintiff's Proposal:** "The total or the producing party's Search Terms and the receiving party's Search Terms shall not exceed 50 total Search Terms."

**[__] Defendant's Proposal:** "The total or the producing party's Search Terms and the receiving party's Search Terms shall not exceed 25 total Search Terms."

III. As to the Clawback Protections, the Court ADOPTS the following:

**[__] Plaintiff's Proposal:** "Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI), or information, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  At the same time, a party shall not be obligated to conduct a document-by-document review of documents prior to its production; provided however, that a party shall utilize keyword search terms (e.g., the names of counsel and law firms for the producing party, a particular counsel or law firm as a keyword term shall not be construed as waiver), analytical software tools and/or other reasonable means to locate and exclude potentially privileged materials prior to the production.

Once discovered, the producing party must promptly notify the receiving party of any inadvertent disclosure of privileged material in writing, along with an explanation of why the material is privileged. If the receiving party does not contest the claim of privilege, it will make best efforts to promptly identify, return, or destroy the privileged materials and any copies thereof. If the receiving party contests the claim of privilege, it must move the Court to compel production of the challenged information within seven (7) days of the producing party's notice. Pending resolution of the motion, the receiving party must not use the challenged information or disclose it to any other person(s). The party claim privilege retains the burden of establishing privileged over the challenged information.

[ X ] **Defendant's Proposal:** Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI), or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this

proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. At the same time, a party shall not be obligated to conduct a document-by-document review of documents prior to its production; provided however, that a party shall utilize keyword search terms (e.g., the names of counsel and law firms for the producing party, although the failure to identify a particular counsel or law firm as a keyword term shall not be construed as waiver), analytical software tools and/or other reasonable means to locate and exclude potentially privileged materials prior to the production.

This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Should a party choose not to conduct a document-by-document review, the party shall disclose this at the time of production by designating the production volume or bates ranges and by affixing an appropriate legend to indicate the documents are being produced without review and subject to a Rule 502(d) Clawback ("Subject to Potential Clawback Material"). Such documents produced without review shall be deemed Highly Confidential – Attorneys' Eyes Only. Consistent with the Clawback provisions herein, disclosure of privileged information without review

in this Litigation shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any attorney-client, work product or other applicable privilege or immunity in this case or in any other federal or state proceeding. Any privileged material produced pursuant to this paragraph shall be deemed to have been produced without waiver under Rule 502(d).

The Parties are further ORDERED to submit their proposed Agreement Regarding Discovery of Electronically Stored Information containing the above ordered terms **by no later than March 16, 2023.**

Dated this 13th day of March 2023.

_____
Tana Lin
United States District Judge