1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REALD SPARK LLC,

                Plaintiff,

    v.

MICROSOFT CORPORATION,

                Defendant.

CASE NO. 2:22-cv-00942-TL

ORDER DENYING
MOTIONS TO SEAL

Pending before this Court are three motions to seal (Dkt. Nos. 47, 52, and 56). Having considered the relevant record and finding oral argument unnecessary, *see* LCR 7(b)(4), these motions are DENIED for the reasons set forth below.

## I. BACKGROUND

All three motions involve discovery responses provided by the parties and attached as exhibits to the briefing related to Defendant Microsoft Corporation's ("Microsoft") Motion to Compel Discovery Response (Dkt. No. 46) as well as references to the material contained in the briefing. A Stipulated Protective Order is in place affording limited protection against public

disclosure of certain designated confidential material. Dkt. No. 36 ¶ 1. However, by its own terms, the protective order does not "presumptively entitle parties to file confidential material or information under seal." *Id*.

Two of the motions (Dkt. Nos. 47 and 56) are brought by Microsoft solely because they contain material designated by Plaintiff RealD Spark LLC ("RealD") as confidential under the Protective Order in place in this case (Dkt. No. 36) or are alleged by RealD to contain trade secrets. *See* Dkt. No. 47 at 2; Dkt. No. 56 at 2. Microsoft's first motion seeks to seal in their entirety RealD's First Supplemental Objections and Responses to Microsoft's First Set of Interrogatories (No. 1) (Dkt. No. 47-3) as well as RealD's Objections and Responses to Microsoft's First Set of Interrogatories (No. 1) (Dkt. No. 47-4). Microsoft's second motion seeks to redact portions of its reply brief (Dkt. No. 58) as well as the Declaration of Andrew V. Devkar in Support of Defendant's Reply in Support of Motion to Compel Discovery Response (Dkt. No. 58-1). RealD filed a motion to seal (Dkt. No. 52) that seeks to seal the entirety of Defendant's Objections and Responses to Plaintiff's First Set of Requests for Production to Microsoft (Nos. 1-66) (Dkt. No. 55).

## II.    DISCUSSION

The public has a right to inspect and copy judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). Indeed, there is a "strong presumption in favor of access" to these records. *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). Requests to seal judicial records attached to a dispositive motion are held to a "compelling reasons" standard. *Id.* at 1179–80. However, non-dispositive materials that are "unrelated, or only tangentially related to the underlying cause of action" can be sealed if "'good cause' exists to protect this information . . . by balancing the needs for discovery against the need for confidentiality." *Id.* at 1179–80. One exception where a party only need satisfy the

"good cause" standard is for "sealed materials attached to a discovery motion unrelated to the

merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir.

2016). *See also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.

2002) ("when a party attaches a sealed discovery document to a nondispositive motion, the usual

presumption of the public's right of access is rebutted"); Fed. R. Civ. P. 26(c) ("The court may,

for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense. . ."). Given that all three of the instant motions to seal

are connected to a discovery motion, the Court reviews them for a showing of "good cause."

In its motions to seal, Microsoft takes no position as to whether the interrogatory

propounded to RealD and RealD's responses satisfy the "compelling reasons" standards for

sealing documents. Dkt. No. 47 at 2; Dkt. No. 56 at 2. With regard to RealD's requests for

production issued to Microsoft and Microsoft's response, the parties agreed that it was properly

filed under seal. Dkt. No. 52 at 2. RealD asserts in its motion that the information attached to its

motion as well as Microsoft's motion to compel should be sealed under Local Civil Rule

5(g)(3)(B) because:

> (i) revealing this information publicly risks public disclosure of
> RealD's trade secrets, creating a strong private interest in the relief
> sought; (ii) if this information if disclosed, RealD will suffer
> further injuries of trade secret misappropriation, the exact injury
> RealD is seeking to cure through this litigation; and (iii) this is the
> least restrictive means of protecting RealD's interest because
> RealD's redactions are as minimal as possible while still providing
> full protection for those secrets

Dkt. No. 52 at 3. RealD did not respond to Microsoft's motion to seal its reply and supporting

declaration (Dkt. No. 56) but the redactions in those papers repeat language that RealD requests

be sealed in the first two motions to seal.

1       Even under the lower "good cause" standard for non-dispositive motions, the Parties do

2   not carry their burden to justify the sealing of the information at issue. The discovery requests

3   themselves do not reveal any trade secrets. Beginning with Defendant's Objections and

4   Responses to Plaintiff's First Set of Requests for Production to Microsoft (Nos. 1-66) that are

5   attached to Plaintiff's motion to seal (Dkt. No. 55), the requests made are typical of what one

6   would expect in a case such as this and are phrased without referencing any specifics as to the

7   product at issue. The responses mostly assert the typical objections and run-of-the-mill promise

8   to produce non-privileged and/or responsive documents that are often made at the early stages of

9   discovery. The Court sees no trade secrets whatsoever in Microsoft's responses to RealD's

10  requests for production.

11      Microsoft's single interrogatory asks RealD to describe with particularity the trade

12  secrets it contends Microsoft misappropriated and quotes from the publicly-filed Complaint.

13  RealD's original and supplemental responses assert some general objections, basically repeat the

14  allegations from the Complaint, and provide the location of some of the information within the

15  discovery it provided in its supplemental response. *See* Dkt. Nos. 47-3, 47-4. It appears that most

16  of the material redacted from the briefs themselves and the Devkar declaration are related to the

17  descriptions of certain categories of trade secrets at issue.

18      One major problem with redacting this information is that it is information that RealD

19  openly stated in their publicly-filed complaint. In the Complaint, RealD alleges:

20          RealD shared confidential information about SocialEyes with
            Microsoft including, without limitation, the following high-level
21          groups of trade secrets:

22          •  Image recognition algorithms for different types of faces,
               lighting, eye color, and eyeglasses;
23          •  Datasets to support SocialEyes' image recognition
               methods;

24

- Know-how resulting from RealD's lengthy and costly R&D process used to develop SocialEyes and its corresponding datasets;
- Negative know-how that resulted from RealD's lengthy and costly R&D process that was used to develop SocialEyes and its corresponding datasets; and
- Source code that contained and implemented the aforementioned trade secrets.

Dkt. No. 1 ¶ 18; *see also id.* ¶¶ 39, 58. Microsoft quotes this passage from the complaint in its Interrogatory, and RealD parrots it back in its original and supplemental responses. *See* Dkt. Nos. 47-3 at 4–7; Dkt. No. 47-4 at 4–5. Despite the fact that this is verbatim what is in the publicly-filed Complaint, RealD seeks to have this passage redacted from Defendant's motion. *Compare* Dkt. No. 46 at 5 *with* Dkt. No. 47-2 at 5. The other redactions in the briefs are basically phrases that describe the same categories of trade secrets RealD alleges Microsoft misappropriated with slightly more detail. The fact that RealD used algorithms or datasets cannot be a trade secret since they share this fact in their Complaint. Dkt. No. 1 ¶ 18; *see also id.* ¶¶ 39, 58. Therefore, the Court must conclude that it is the extra details regarding what algorithms are used for that RealD is claiming are the trade secrets.

To the extent the additional details are supposed to be what the alleged trade secrets are, another major problem is that they appear to be concepts that are already known in the public domain. Microsoft cites to three publicly available articles[1] that describe accounting for the following features when studying gaze redirection: different attributes of a person (including age, iris color, skin tone), head pose, lighting conditions, viewing angle, eyelid motion, and the wearing of eyeglasses. Dkt. No. 58-1 at 2–4. These are the very same details RealD seeks to

---

[1] Chih-Fan Hsu, et al., *Look at Me! Correcting Eye Gaze in Live Video Communication*, ACM Transactions on Multimedia Computing, Communications, and Applications, Vol. 1, No. 1, Jan. 2016; Daniil Kononenko, *Learnable Warping-Based Approach to Image Re-Synthesis with Application to Gaze Redirection* (2017) (Ph.D. thesis, Skolkovo Institute of Science and Technology), https://www.skoltech.ru/app/data/uploads/2017/10/Kononenko_thesis_Final-compressed.pdf; Erroll Wood et al., *GazeDirector: Fully Articulated Eye Gaze Redirection in Video* (Apr. 27, 2017), https://arxiv.org/pdf/1704.08763.pdf.

redact, but as they are already in the public domain, that algorithms are used to account for them cannot be a trade secret warranting confidential treatment.

Finally, RealD asserts that its "redactions are as minimal as possible." Dkt. No. 52 at 3. But RealD seeks to redact the discovery responses in question *in their entirety* which is the complete opposite of the minimal redactions they represent requesting.

### III.   CONCLUSION

Even under the lower "good cause" standard, the Court finds that the Parties fail to meet their burden to maintain the requested information under seal. Thus, the Court DENIES without prejudice the Parties' pending motions to seal (Dkt. Nos. 47, 52, and 56). The Parties are ORDERED to re-file the sealed and redacted documents **within three (3) days** of this Order.

Dated this 27th day of April 2023.

Tana Lin
United States District Judge