UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REALD SPARK LLC,<br><br>    Plaintiff,<br> v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | CASE NO. 2:22-cv-00942-TL<br><br>ORDER ON MOTION TO STAY<br>PENDING *INTER PARTES* REVIEW |

This matter comes before the Court on Defendant Microsoft Corporation's Motion to Stay Pending *Inter Partes* Review (Dkt. No. 64). On August 24, 2023, the Court held oral argument on the motion. Dkt. No. 82. Having also reviewed Plaintiff RealD Spark LLC's response (Dkt. No. 65), Defendant's reply (Dkt. No. 68), and the relevant record, the Court DENIES the motion as premature and RESETS the *Markman* hearing for February 16, 2024.

Plaintiff brings this action against Defendant for breach of contract, misappropriation of trade secrets, and patent infringement. *See* Dkt. No. 1 (complaint). The infringement claims concern United States Patent No. 10,740,985 (the "'985 Patent"). *See id.* at 39–71 (patent). On

June 16, 2023, Defendant filed a petition for *inter partes* review ("IPR") of the '985 Patent by the Patent Trial and Appeal Board ("PTAB"), part of the U.S. Patent and Trademark Office ("USPTO"). *See* Dkt. No. 64-4 (petition); *see also SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348, 1353–54 (2018) (describing *inter partes* review). On June 27, 2023, Defendant filed the instant motion to stay the matter pending the outcome of its IPR petition. *See* Dkt. Nos. 64, 68. Plaintiff opposes. *See* Dkt. No. 65.

"The [district] court has the authority to stay [a] case pending the outcome of an IPR petition." *WAG Acquisition, LLC v. Amazon.com, Inc.*, No. C22-1424, 2023 WL 1991888, at *1 (W.D. Wash. Feb. 14, 2023); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). However, courts have denied a request for stay as premature where the PTAB has not yet decided whether to "institute" review of a pending IPR petition. *See Nat'l Prods. Inc. v. Innovative Intelligent Prods., LLC*, No. C20-428, 2021 WL 2636101, at *2 (W.D. Wash. June 25, 2021) ("Without knowing whether the PTAB will institute the requested [IPR] reviews, the Court, consistent with other courts deciding such motions under the same timeframe, finds the request to be premature."); *see also IOENGINE, LLC v. PayPal Holdings, Inc.*, No. C18-452, 2019 WL 3943058, at *6 (D. Del. Aug. 21, 2019) ("[C]ourts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted . . . ."); *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. C16-410, 2016 WL 3844209, at *4 (D. Or. July 15, 2016) (observing that "the majority of courts that have considered the issue" will "deny a motion to stay as premature if the PTO has not yet granted a petition for review").

Here, the PTAB has not yet decided whether to institute review on Defendant's petition, and a decision is not expected until January 2024. *See* 35 U.S.C. § 314(b) (timing of decision on petition). The Court thus finds the request for stay to be premature. *Nat'l Prods. Inc.*, 2021 WL 2636101, at *2. At the same time, however, the Court believes it would benefit from the expert

analysis of the PTAB, particularly in ruling on claim construction. *See Pac. Bioscience Labs., Inc. v. Pratika Corp.*, 760 F. Supp. 2d 1061, 1065 (W.D. Wash. 2011) (noting "the benefit of the USPTO's analysis of the disputed claim terms," even if claims are not resolved); *WAG Acquisition*, 2023 WL 1991888, at *2 (observing that IPR review would "clarify[ ] the scope of the claims"); *see also Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding can be considered during claim construction and relied upon to support a finding of prosecution disclaimer."). Thus, to conserve judicial resources, the Court will reset the *Markman* hearing—currently scheduled for October 27, 2023—for a date following an expected decision from the PTAB on Defendant's IPR petition. If the PTAB grants review, then Defendant may refile its request for a stay at that time.

Accordingly, it is hereby ORDERED:

(1) Defendant's Motion to Stay Pending *Inter Partes* Review (Dkt. No. 64) is DENIED as premature.

(2) The *Markman* hearing is RESET for **February 16, 2024, at 9:00 a.m.**, with a tutorial, if necessary, on **February 2, 2024, at 9:00 a.m.** All other deadlines remain operative.

Dated this 25th day of August 2023.

Tana Lin
United States District Judge