UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REALD SPARK, LLC,<br><br>     Plaintiff,<br> v.<br><br>MICROSOFT CORPORATION,<br><br>     Defendant. | CASE NO. 2:22-cv-00942-TL<br><br>ORDER ON EXPEDITED JOINT MOTION FOR DISCOVERY |

This is an action for breach of contract, theft of trade secrets, and patent infringement for the alleged unauthorized and unlicensed use of proprietary or patented technology. This matter is before the Court on the Parties' LCR 37 Joint Submission Regarding Production of Source Code (Dkt. No. 94), *see* LCR 37(a)(2), in which Plaintiff RealD Spark, LLC, moves to compel the production of source code by Defendant Microsoft Corporation. Having reviewed the Parties' submission and the relevant record, and finding oral argument unnecessary, *see* LCR 7(b)(4), the Court GRANTS IN PART and DENIES IN PART the motion as follows.

## I. BACKGROUND

The background and procedural history of this matter was previously recounted in the Court's Order Granting Defendant's Motion to Compel Discovery. *See* Dkt. No. 63 at 2–4. In that Order, the Court directed Plaintiff to supplement its responses to Interrogatory No. 1 in a manner consistent with the Order. *Id.* at 16. Most relevant here, the Court directed Plaintiff to "precisely identify the source code or portions of its source code" that comprise the alleged trade secret. *Id.* at 14. On June 7, 2023, Plaintiff provided a second supplemental response to Defendant's interrogatory. Dkt. No. 72-3 (sealed).[1] In that response, Plaintiff provided additional information regarding its trade secrets, including source code. *See id.* at 8–28.

Plaintiff now brings this Motion to Compel for an Order requiring Defendant to produce its source code. *See* Dkt. No. 94 at 5–12, 23–26. Defendant opposes. *See id.* at 12–23.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows parties to obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Relevant" information is that which is "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

---

[1] The Court previously struck Plaintiff's Motion to Compel Discovery Responses (Dkt. No. 69) and Defendant's Cross Motion for Enforcement of Protective Order (Dkt. No. 71). *See* Dkt. No. 87. A copy of Plaintiff's second supplemental response was an exhibit in support of Defendant's motion. Nevertheless, the Parties make repeated reference to supporting documentation for those motions, and the Court takes judicial notice of Plaintiff's response.

MOTION FOR DISCOVERY - 2

1  Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an
2  order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).
3  A party may also ask a court to compel further responses to an "evasive or incomplete
4  disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). The party seeking to compel discovery
5  has the burden of establishing that its requests are relevant. Fed. R. Civ. P. 26(b)(1). Once this
6  showing is made, the party opposing the motion to compel must "carry a heavy burden of
7  showing why discovery" should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th
8  Cir. 1975).

### III. DISCUSSION

As an initial matter, the Parties do not appear to dispute that Defendant's source code is relevant to Plaintiff's claims. Nor is there meaningful prejudice to Plaintiff at this time: the deadline for fact discovery was recently extended until January 31, 2024. *See* Dkt. No. 91. Instead, the crux of the disagreement is whether Plaintiff has sufficiently identified its trade secrets—namely, its source code—such that Defendant can properly engage in discovery. Plaintiff argues that its "26-page narrative is more than sufficient," and that "Defendant's actions also show that it sufficiently understands [Plaintiff's] identification of trade secrets." Dkt. No. 94 at 9; *see also id.* at 23–26. Defendant argues that Plaintiff has not complied with the Court's prior order compelling Plaintiff's own disclosure of source code because Plaintiff "has yet to identify a single specific trade secret." *Id.* at 14.

As this Court has previously noted, a plaintiff in a trade secrets matter "will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed . . . to compel discovery of its adversary's trade secrets." Dkt. No. 63 at 5 (quoting *AutoMed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 926 (N.D. Ill. 2001)). This means that a plaintiff must provide "a description of the trade secrets at issue that is

ORDER ON EXPEDITED JOINT
MOTION FOR DISCOVERY - 3

1  sufficient to (a) put a defendant on notice of the nature of the plaintiff's claims and (b) enable the
2  defendant to determine the relevancy of any requested discovery concerning its trade secrets." *Id.*
3  at 5–6 (quoting *BioD, LLC v. Amnio Tech., LLC*, No. C13-1670, 2014 WL 3864658, at *5 (D.
4  Ariz. Aug. 5, 2014)).
5       This process of "identification" is not easy. It pits a plaintiff's "broad right to discovery"
6  against a defendant's concerns about misuse of discovery and mounting its own defense. *See*
7  *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 680–81 (N.D. Ga. 2007) (detailing policy
8  considerations). Moreover, "the case law does not provide clear guidance as [to] how detailed a
9  plaintiff's trade secret disclosures must be." *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*,
10 No. C10-2868, 2011 WL 10858409, at *2 (D. Colo. Oct. 12, 2011). Still, identification "does not
11 create a procedural device to litigate the ultimate merits of the case—that is, to determine as a
12 matter of law on the basis of evidence presented whether the trade secret actually exists." *Prolific*
13 *Software, Inc. v. Veeva Sys. Inc.*, No. C13-3644, 2014 WL 2527148, at *3 (N.D. Cal. June 4,
14 2014). With these principles in mind, the Court addresses the Parties' dispute.
15      Here, Plaintiff responded to the Court's prior Order (Dkt. No. 63) by providing a second
16 supplemental response to its initial disclosures, in which it identified a subset of files that
17 contained alleged trade secrets. *See* Dkt. No. 72-3 (sealed). Further, Defendant was given an
18 opportunity to inspect Plaintiff's source code on June 29 and 30, 2023, though the inspection was
19 apparently hampered by issues with the installation of inspection tools. *See* Dkt. No. 95 ¶ 5.
20 Defendant also makes clear in its briefing that it is familiar with the public information it alleges
21 Plaintiff's code is based on; thus, it seems to have little difficulty distinguishing that information
22 from Plaintiff's additions or modifications. *See, e.g.*, Dkt. No. 94 at 15 (Defendant's expert
23 "found a significant volume of material that on its face appears to have been publicly
24 disclosed"); *see also id.* at 17–22 (distinguishing Plaintiff's disclosures from public material).

At the same time, as Defendant points out (*see id.* at 13–14), Plaintiff newly alleges that Dr. Eric Sommerlade, a former employee of Plaintiff later hired by Defendant and a named inventor of the patent-in-suit, "**exported files from [Plaintiff's] source code directory**" between notice of termination and departure. *Id.* at 12 (emphasis in original). Defendant requests that Plaintiff "amend its disclosure and produce that material so that the Court and [Defendant] can determine whether it describes any trade secrets with sufficient precision." *Id.* at 14.

The Court agrees that Plaintiff should disclose the Sommerlade files before Defendant responds to Plaintiff's discovery request. Plaintiff alleges that Dr. Sommerlade "was deeply involved in the development of Defendant's source code" and suggests that he did so with files exported from Plaintiff's source code directory. *Id.* at 12. If so, then Defendant already has this information, and Plaintiff will not be giving up any information Defendant does not already allegedly have. In any event, this additional disclosure, combined with Plaintiff's previous disclosures, will suffice for identification at this stage of the case. Defendant will then be expected to produce its own source code. The Court believes that this is "the most efficient, reasonable, and fair way to proceed." *IntelliCAD Tech. Consortium v. Suzhou Gstarsoft Co. Ltd.*, 508 F. Supp. 3d 790, 801 (D. Or. 2020) (requiring parties to make staggered exchanges of source code information before taking discovery).

### IV.   CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Compel, contained in the Parties' joint submission (Dkt. No. 94). Plaintiff is ORDERED to identify and produce the files that Dr. Sommerlade allegedly downloaded after his termination, **within**

**seven (7) days** of this Order. Defendant is ORDERED to produce its source code **within twenty-one (21) days** of receipt of the Sommerlade files.

Dated this 10th day of October 2023.

Tana Lin
United States District Judge