UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REALD SPARK, LLC,<br><br>              Plaintiff,<br>    v.<br><br>MICROSOFT CORPORATION,<br><br>              Defendant. | CASE NO. 2:22-cv-00942-TL<br><br>ORDER ON MOTION TO AMEND |

This matter is before the Court on Defendant Microsoft Corporation's Motion for Leave to File Amended Affirmative Defense and Counterclaim. Dkt. Nos. 97, 98-2 (sealed). Having reviewed Plaintiff RealD Spark, LLC's response (Dkt. No. 103), Defendant's reply (Dkt. Nos. 106, 107 (sealed)), and the relevant record, the Court GRANTS the motion.

I.      BACKGROUND

The background and procedural history of this matter was previously recounted in the Court's Order granting Defendant's motion to compel discovery. *See* Dkt. No. 63 at 2–4. Since that Order, the Court also denied Defendant's motion for a stay pending *inter partes* review (*see*

Dkt. No. 86) and granted in part and denied in part Plaintiff's own motion to compel discovery (*see* Dkt. No. 101). In sum, Plaintiff alleges that Defendant has incorporated Plaintiff's technology ("the '985 patent") into Defendant's own products and brings claims of breach of contract, violation of state and federal trade secrets statutes, and patent infringement. *See* Dkt. Nos. 1 (complaint), 30 (Defendant's answer and counterclaim), 32 (Plaintiff's answer).

Defendant states that on September 1, 2023, it received discovery from Plaintiff appearing to provide evidence that Daniil Kononenko and Victor Lemptisky, two researchers affiliated with the Skolkovo Institute of Science and Technology ("Skoltech") in Moscow, "contributed to the conception and development of the subject matter claim by the '985 Patent." Dkt. No. 98-2 at 6. Specifically, Defendant provides emails that show a discussion between Plaintiff and the researchers about adding them as inventors to the '985 patent, suggesting that Plaintiff intentionally left them out. *See* Dkt. Nos. 98-7 (sealed), 98-8 (sealed), 98-9 (sealed).

Defendant brings the instant motion to amend its Answer "for the limited purpose of adding an affirmative defense and counterclaim for declaratory relief that the Skoltech researchers Daniil Kononenko and Victor Lempitsky should have been named inventors on the '985 patent," which could warrant invalidation or correction of the patent. Dkt. No. 98-2 at 5; Dkt. No. 98-4 (sealed) (redlined version of proposed amendment); *see also* Dkt. No. 107 (sealed) (reply). Plaintiff opposes. *See* Dkt. No. 103.

## II. LEGAL STANDARD

Once a court has entered a scheduling order, the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4) initially governs a party's ability to amend their pleading. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (affirming denial of a belated motion to amend); *see also Santillan v. USA Waste of Cal., Inc.*, 853 F.3d 1035, 1048 (9th Cir. 2017) (affirming denial of amendment where request to amend came eight months after the

deadline). "Good cause" looks to whether a scheduled deadline could not "reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quoting the Rule 16 advisory committee's note to 1983 amendment); *see also DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) (describing diligence as "the central inquiry" under Rule 16(b)(4)).

If the good cause standard is met, a party must then show that (1) the amendment is proper and (2) that leave is appropriate. *See Nat'l Prods. Inc. v. Akron Res., Inc.*, No. C15-1553, 2016 WL 9224046, at *4 (W.D. Wash. Nov. 8, 2016) (describing the "two hurdles" for amendments under Rules 16(b) and 15(a)); *Soaring Helmet Corp. v. Nanal, Inc.*, No. C09-789, 2011 WL 39058, at *4 (W.D. Wash. Jan. 3, 2011) (same). This standard is to be applied with "extreme liberality," *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), to facilitate the decision of cases "on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)); *see also* Fed R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Courts in this Circuit consider five factors to assess whether to grant leave to amend under Rule 15(a): "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)) ("the *Allen* factors"), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). "Prejudice is the 'touchstone of the inquiry under Rule 15(a).'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)); *see also*

*William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1982) ("[T]he most important [factor] is whether amendment would result in undue prejudice to the opposing party . . . ." (citing *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

### III.   DISCUSSION

**A.   Good Cause Under Rule 16**

Defendant argues that it satisfies the "good cause" standard of Rule 16 because it acted diligently in seeking to amend its answer. *See* Dkt. No. 98-2 at 9–10. Plaintiff rests its opposition almost entirely on Defendant's failure to meet this standard. *See* Dkt. No. 103 at 5–10. The crux of Plaintiff's response is that Defendant was aware of inventorship issues as early as January 2023 and could have investigated (and amended their answer) before now. *See id.* at 5. Defendant replies that while it had suspicions about the origins of the patent's subject matter, evidence of an inventorship defense only recently came to light. *See* Dkt. No. 107 at 4–7.

Here, the Court finds that Defendant has met the "good cause" standard of Rule 16. Diligence is "the central inquiry," *DRK Photo*, 870 F.3d at 989, and Defendant acted diligently in seeking amendment. On September 5, 2023—four days after receiving the emails in question—Defendant informed Plaintiff of its intent to amend the pleadings. *See* Dkt. No. 98-10 at 2 (email to schedule meet-and-confer). On September 6, the Parties "met and conferred on this and other issues." Dkt. No. 98-2 at 7. On September 7, Defendant followed up on its request to amend, and Plaintiff indicated that it "is considering the issue and will provide a response soon." Dkt. No. 98-11 (emails) at 8. On September 11, the Parties conferred again. Dkt. No. 98-2 at 7. On September 12, Plaintiff produced additional documents. *See* Dkt. No. 98-5 (sealed) (Terwilliger declaration) ¶ 3. On September 13, Defendant provided Plaintiff a copy of its

ORDER ON MOTION TO AMEND - 4

proposed amended Answer, Affirmative Defenses, and Counterclaims. *See* Dkt. No. 98-11 at 2 (email). Plaintiff "indicated that it would oppose" the request. Dkt. No. 98-2 at 7. By acting promptly upon learning of new facts and moving to amend as soon as it became clear that stipulation was not possible, Defendant has demonstrated the diligence required under Rule 16(b)(4).

Plaintiff's opposition rests on a mischaracterization of Defendant's prior inquiries and conduct. For example, Plaintiff insists that "Defendant's own statements . . . show that Defendant had clear knowledge and ability to plead this new affirmative defense and counterclaim." Dkt. No. 103 at 7. Defendant concedes that it "suspected quite early" that Plaintiff's claims might rest "on very shaky grounds" due to the possibility of prior public sources. Dkt. No. 107 at 4. However, having a suspicion and having sufficient information to certify in a pleading (subject to Rule 11 sanctions) that one asserts a claim or defense "after an inquiry reasonable under the circumstances" are two very different matters. Fed. R. Civ. P. 11(b)(2). Defendant also acknowledges that it "has been taking discovery for months" on the relationship between Plaintiff and Skoltech. Dkt. No. 98-2 at 5. Critically, however, the documents produced in September 2023 provided the first "corroboration for the inventorship angle." Dkt. No. 107 at 5. Plaintiff points out that Defendant did not submit a number of inventorship-related discovery requests until March 31, 2023, eight days after the deadline to amend pleadings. *See* Dkt. No. 103 at 8–9. But the trial schedule was not entered until February 8, 2023. *See* Dkt. No. 37. Moreover, given that Plaintiff "failed to provide [Defendant] with any discovery on the inventorship topics **for six months**" (Dkt. No. 107 at 7 (emphasis in original)), it is hard to believe that greater diligence from Defendant would have resulted in a significantly different timeline.

### B.    Amendment Under Rule 15

Defendant also argues that it satisfies the liberal amendment standard of Rule 15. *See* Dkt. No. 98-2 at 10–11. Defendant argues that Plaintiff cannot show prejudice (*id.* at 10–11; Dkt. No. 107 at 7–8) and that no other *Allen* factors cut in favor of denial (Dkt. No. 98-2 at 11; Dkt. No. 107 at 8–9). Plaintiff responds that Defendant has shown bad faith and undue delay in failing to investigate the issue sooner. *See* Dkt. No. 103 at 11. Plaintiff also argues that it will be prejudiced by the amendment. *Id.*

Here, the Court finds that Defendant has met the liberal amendment standard of Rule 15. Prejudice is the "touchstone" of the Rule 15 inquiry, *Eminence Capital*, 316 F.3d at 1052, and Plaintiff has not met its burden to show prejudice. Plaintiff's only argument appears to be that it "will be under an unfairly prejudicial time crunch to try and get discovery from third-parties located in a foreign jurisdiction that is infamously uncooperative with the U.S. Court system." Dkt. No. 103 at 11. But as Defendant points out, Skoltech "has been a very relevant player in this case and has been in Russia all along." Dkt. No. 107 at 7. There are "no new individuals or entities" involved, and the amendment is tied to "overlapping evidence" that is already within the scope of discovery. *Id.* The Parties "have not yet taken or even scheduled depositions." Dkt. No. 98-2 at 7. Plus, fact discovery does not close until January 31, 2024, and expert discovery does not close until May 23, 2024. *See* Dkt. No. 91.

Moreover, the remaining *Allen* factors do not support denial of the proposed amendment. Plaintiff's assertion of "undue delay and/or bad faith" is a rehashing of its Rule 16 arguments. Dkt. No. 103 at 11. As discussed above, the Court does not find that Defendant has engaged in undue delay or bad faith in seeking amendment now, particularly where Plaintiff took six months to respond to Defendant's inventorship discovery requests. *See supra* Section III.A. The Court further notes that there is no argument that amendment is futile, and Defendant has not

previously amended its Answer, Affirmative Defenses, or Counterclaims. *See In re Antitrust Litig.*, 715 F.3d at 738. Therefore, the remaining *Allen* factors support the amendment.

IV. CONCLUSION

Accordingly, the Court GRANTS Defendant's Motion to Amend (Dkt. Nos. 97, 98-2 (sealed)). Defendant is DIRECTED to file its amended Answer, Affirmative Defenses, and Counterclaims **within three (3) days** of this Order. Plaintiff is also DIRECTED to file any responsive pleadings **within twenty-one (21) days** of Defendant's filing, pursuant to Federal Rule of Civil Procedure 12(a)(1)(B).

Dated this 27th day of October 2023.

Tana Lin
United States District Judge