UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REALD SPARK, LLC,

                Plaintiff,

   v.

MICROSOFT CORPORATION,

                Defendant.

CASE NO. 2:22-cv-00942-TL

ORDER ON MOTIONS TO SEAL

This matter is before the Court on Defendant Microsoft Corporation's Unopposed Motion to Seal Motion to Amend and Exhibits in Support (Dkt. No. 98) and Motion to Seal Reply (Dkt. No. 105). Having reviewed Plaintiff RealD Spark, LLC's response (Dkt. No. 102) and the relevant record, the Court DENIES the motions.

## I.    BACKGROUND

The background and procedural history of this matter have been previously recounted in the Court's prior Orders in this matter. *See* Dkt. No. 63 at 2–4; Dkt. No. 108 at 1–2. Relevant here is Defendant's motion to amend its Answer to add an affirmative defense and counterclaim

(Dkt. Nos. 97, 98-2 (sealed)), which included three exhibits (Dkt. Nos. 97-5–97-7, 98-7–98-9 (sealed)) and a reply (Dkt. Nos. 106, 107 (sealed)), all of which were partially redacted. The sealed exhibits (and the information therein used in Defendant's motion papers) appear to be emails exchanged between employees of Plaintiff and employees of the Skolkovo Institute of Science and Technology ("Skoltech"). *See* Dkt. Nos. 98-7–98-9.

Defendant now moves to keep the unredacted documents under seal "because [Plaintiff] designated this information as 'Highly Confidential—Attorneys' Eyes Only' under the Protective Order." Dkt. No. 98 at 2; Dkt. No. 105 at 2. Defendant "takes no position" on the substance of the motions. *Id.* Plaintiff responded in support of Defendant's Motion to Seal Motion to Amend (Dkt. No. 102) but did not file a response to Defendant's Motion to Seal Reply. However, the Court notes that the material redacted in the Motion to Seal Reply is the same as in the Motion to Seal Motion to Amend. *See also* Local Civil Rule ("LCR") 5(g)(3)(B) (party who designated document confidential has burden to justify sealing).

## II. Legal Standard

There is a strong presumption of public access to court-filed documents. LCR 5(g); *accord Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

A party seeking to seal records related to motions that are dispositive or otherwise "more than tangentially related to the merits of a case" must "meet the high threshold of showing that 'compelling reasons' support secrecy." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–99 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1180. For example, courts generally consider the complaint to be "dispositive" in this context. *See, e.g.*, *Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Rsrv.*, No. C17-1436, 2017 WL 3600417, at *2 (S.D. Cal. Aug. 17, 2017) (denying *ex parte* motion to seal case).

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Even if compelling reasons are identified, a sealing order must be narrowly tailored. *Kamakana*, 447 F.3d at 1182.

### III.   DISCUSSION

As an initial matter, Plaintiff appears to concede that the "compelling reasons" standard applies to the instant motions.[1] *See* Dkt. No. 102 at 2. Therefore, the Court will apply that standard to the motions.

Plaintiff argues that the information contained in Defendant's motion papers and exhibits should be kept under seal as they constitute "confidential business information and strategy related to [Plaintiff's] intellectual property." Dkt. No. 102 at 3. Specifically, they contain "internal business and strategy discussions related to patent protection, data sets underlying [Plaintiff's] gaze correction software, and commercialization prospects," as well as "discussion concerning software licensing, including as related to the negotiation of royalty rates." *Id.*

The Court finds that Plaintiff has not satisfied the "compelling reasons" standard and that the materials at issue should be unsealed. Plaintiff raises as an initial matter that it designated the documents at issue as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order. *Id.* at 2. But a party's designation of a document as confidential under a protective order does not

---

[1] The Court notes that the Ninth Circuit has not determined whether the applicable standard for sealing a motion to amend (and its accompanying exhibits) is the "compelling reasons" standard or the less-stringent "good cause" standard. *See Kamakana*, 447 F.3d at 1180. Courts in this Circuit appear divided on the question. *Compare, e.g.*, *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. C14-126, 2016 WL 1158851, at *2 (D. Ariz. Mar. 24, 2016) (applying the "good cause" standard) *with Jones v. PGA Tour, Inc.*, No. C22-4486, 2023 WL 2167400, at *1 (N.D. Cal. Feb. 21, 2023) (applying the "compelling reasons" standard and observing disagreement among courts).

provide a compelling reason to seal it. *See ImprimisRx, LLC v. OSRX, Inc.*, No. C21-1305, 2023 WL 7029210, at *4 (S.D. Cal. Oct. 24, 2023) ("[M]ere designation as 'confidential' or 'for attorneys' eyes only' . . . does not provide a compelling reason that justifies sealing.").

Defendant's sealed exhibits consist of emails about a then-proposed application for the patent in this matter (the '985 patent). As that application is no longer pending, the unsealing of these emails cannot jeopardize its success. *See ImprimisRx,* at *3 (denying sealing of "prior product offerings and strategy presentations" where "the information does not appear to be sensitive in the present day"); *cf. Edtronic, Inc. v. Axonics Modulation Techs., Inc.*, No. C19-2115, 2023 WL 6813743, at *2 (C.D. Cal. Aug. 31, 2023) (sealing "non-public technical information related to the accused products, competitive financial information, and information related to *future* patent applications" (emphasis added)). Nor has Plaintiff explained (beyond conclusory assertions) how unsealing the information at issue would cause injury. *See Kelley v. Microsoft Corp.*, No. C07-475, 2008 WL 11506733, at *3 (W.D. Wash. Feb. 26, 2008) ("Disclosure of employees' internal dialogue regarding development of the marketing program may be embarrassing to [defendant], but it will not reveal any proprietary or competitive commercial information that should be kept secret from the public."). The Court appreciates that the proposed redactions appear to be minimal. *See* LCR 5(g)(3)(B)(iii). Still, Plaintiff has not demonstrated a legitimate interest that warrants sealing or what injury would result if the information is not sealed. *See* LCR 5(g)(3)(B)(i)–(ii).

Moreover, Plaintiff's authorities are inapplicable. In some cases, the court granted motions to seal materials containing specific business or financial information that posed a present harm. *See J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016) (sealing "various debt ratios" and "a consolidated balance sheet," as well as a company's "annual pea production, annual pea sales, and internal pricing and

sales strategies"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, No. C17-1340, 2019 WL 6829886, at *1 (W.D. Wash. Dec. 13, 2019) (sealing "specific historical, present, and projected financial data" as well as "marking and advertising techniques and budgets, sales and distribution figures, and financial figures and projections"). In other cases, the court granted some motions to seal but denied others where materials did not contain similar sensitive information. *See Clearly Food & Beverage Co., Inc. v. Top Shelf Beverages, Inc.*, 102 F. Supp. 3d 1154, 1178 (W.D. Wash. 2015) (denying sealing under "good cause" standard where "brief does not mention any trade secrets, confidential information, marketing strategies, or business plans of either party," but sealing exhibits that contained "confidential financial projections, marketing strategies, and business plans"); *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) (denying sealing of "detailed discussion" of "field and laboratory protocols," but sealing emails discussing "costs and pricing practices that are not generally known to [plaintiff's] customers and competitors"). Here, the sealed materials do not contain similar financial data or other marketing or strategic information about Plaintiff's ongoing business activities, such that unsealing would injure Plaintiff.

## IV.  CONCLUSION

Accordingly, the Court DENIES Defendant's Motions to Seal (Dkt. Nos. 98, 105). The Clerk SHALL unseal the documents filed at Dkt. Nos. 98 and 107.

Dated this 20th day of November 2023.

Tana Lin
United States District Judge