UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REALD SPARK, LLC,<br><br>    Plaintiff,<br>    v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | CASE NO. 2:22-cv-00942-TL<br><br>ORDER ON LCR 37<br>JOINT SUBMISSION |

This matter is before the Court on Plaintiff RealD Spark, LLC, and Defendant Microsoft Corporation's LCR 37 Joint Submission Regarding Defendant's Objection to "Accused Functionalities" and "Accused Devices" and Extension to Fact Discovery. Dkt. No. 128. Having considered the Parties' submissions, the accompanying declarations and exhibits, and the relevant record, the Court DENIES Plaintiff's discovery requests.

The Court assumes familiarity with the facts of the case. With regard to the current discovery dispute, Plaintiff issued discovery requests which sought information or documents on the Accused Functionalities or Accused Products ("Requested Information"). *Id.* at 7. Plaintiff's

ORDER ON LCR 37
JOINT SUBMISSION - 1

first requests for production and interrogatories dealing with the Requested Information were issued on January 23, 2023. Dkt. Nos. 129-1, 129-3. Plaintiff's second set of interrogatories relating to the Requested Information was issued on October 9, 2023. Dkt. No. 129-4. On March 8, 2023, Defendant responded to Plaintiff's first set of interrogatories, specifically noting the following objections:

> 1. [Defendant] objects to the definition of "Accused Functionalities" to the extent it purports to cover any instrumentality that is not identified in Plaintiff's Preliminary Infringement Contentions. In its responses, [Defendant] will understand "Accused Functionalities" to mean Microsoft products that incorporate "Eye Gaze Correction" and optional "Stare" (also known as "Teleprompter") features. This objection is incorporated into all responses below where the definition is relevant.
>
> 2. [Defendant] objects to the definition of "Accused Product(s)" to the extent it purports to cover any instrumentality that is not identified in Plaintiff's Preliminary Infringement Contentions. In its responses, [Defendant] will understand "Accused Product(s)" to mean Microsoft Surface Pro X and Microsoft Surface Pro 9 with 5G products that include Windows 10 Build 20175 and later, and Windows 11. This objection is incorporated into all responses below where the definition is relevant.

Dkt. No. 130-1 at 3. On April 21, 2023, Defendant repeated these same objections in its supplemental response to Plaintiff's first set of interrogatories. Dkt. No. 130-2 at 3. Defendant also included these same objections in its second supplemental response to Plaintiff's first set of interrogatories as well as its first supplemental response to Plaintiff's second set of interrogatories, both dated December 18, 2023. Dkt. No. 129-7 at 3; Dkt. No. 129-8 at 3. Defendant stated in its April 2023 response that the accused eye gaze correction functionality "is implemented only on products that include a processor with a neural processing unit (NPU), such as the SQ1 processor that was released in October 2019." Dkt. No. 130-2 at 8. Defendant also

| | |
|---|---|
| 1 | identified four additional Microsoft Surface Pro products capable of implementing the eye gaze |
| 2 | correction technology. *Id.* at 14–18. |
| 3 | In its motion, Plaintiff complains about Defendant's inappropriate redefinition of the |
| 4 | terms "Accused Functionalities" and "Accused Products." Dkt. No. 128 at 8. In choosing the |
| 5 | reference for the objections Defendant made, Plaintiff only cites Defendant's December 18, |
| 6 | 2023, supplemental responses. *Id.* Plaintiff then discusses its challenge to Defendant's objections |
| 7 | to the definitions of the two disputed terms that began on November 17, 2023. Plaintiff asserts |
| 8 | that "[n]ot until December 18, 2023 did Defendant end the charade" regarding its responses. *Id.* |
| 9 | at 23. Fact discovery closes January 31, 2024. Dkt. No. 91. Plaintiff requests a 30-day extension |
| 10 | of the fact discovery cutoff. Dkt. No. 128 at 15. |
| 11 | Plaintiff's characterization of the discovery dispute at first led the Court to believe that |
| 12 | Plaintiff was unaware of Defendant's objections to the definitions of "Accused Functionalities" |
| 13 | and "Accused Products" until November 2023. However, Defendant actually informed Plaintiff |
| 14 | of its objections to the terms in early March 2023 and then again in April 2023, many months |
| 15 | before the discovery cutoff date. The subject objections were listed as the first two objections in |
| 16 | the responses, which were on the second page of each response. Both Defendant's original |
| 17 | response in March 2023 and its supplemental response in April 2023 made it abundantly clear |
| 18 | that Defendant was only responding with regard to its hardware. |
| 19 | The Court rejects Plaintiff's assertion that it was misled by Defendant. Rather, it appears |
| 20 | Plaintiff either missed the objections that were asserted at least twice by Defendant upfront in |
| 21 | their responses or sat on the dispute until the end of discovery. Even if the discovery would be |
| 22 | relevant, Plaintiff had at least eight additional months in which it could have brought its dispute |
| 23 | to the Court and had it resolved in a timely manner without necessitating an extension of the |
| 24 | discovery cutoff. Thus, Plaintiff has not demonstrated the requisite "good cause" needed to |

modify the trial schedule under Federal Rule of Civil Procedure 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . If that party was not diligent, the inquiry should end.").

Accordingly, the Court DENIES Plaintiff's request for discovery and to extend the discovery cutoff. This Order resolves the Parties' LCR 37 Joint Submission (Dkt. No. 128).

Dated this 30th day of January 2024.

Tana Lin
United States District Judge