UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REALD SPARK, LLC,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　Defendant. | CASE NO. 2:22-cv-00942-TL<br><br>ORDER ON MOTIONS TO STAY AND DISMISS CLAIMS |

This matter is before the Court on Defendant Microsoft Corporation's Renewed Motion to Stay After Institution of *Inter Partes* Review (Dkt. No. 121) and Plaintiff RealD Spark's Motion to Voluntarily Dismiss the '985 Patent Claims Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Dkt. No. 125). Having reviewed the Parties' briefing and the relevant record, and finding oral argument unnecessary, *see* LCR 7(b)(4), the Court GRANTS Defendant's motion to stay, and GRANTS Plaintiff's motion to dismiss the '985 Patent claims.

The Court assumes familiarity with the facts of the case. Relevant to the instant motions, on August 25, 2023, the Court denied a motion by Defendant to stay the matter pending *inter*

1  *partes* review ("IPR") of the '985 Patent. Dkt. No. 86. The Court noted that "[i]f the PTAB

2  [Patent Trial and Appeal Board] grants review, then Defendant may refile its request for a stay at

3  that time." *Id.* at 3. On December 21, 2023, the PTAB instituted IPR. Dkt. No. 119-1 (PTAB

4  decision). Defendants now renew their motion to stay the matter. Dkt. No. 121; *see also* Dkt.

5  Nos. 127 (response), 131 (reply). Plaintiff also moves to dismiss its patent infringement claims.

6  Dkt. No. 125; *see also* Dkt. Nos. 131 (response), 133 (reply).

7  As an initial matter, Defendant "does not oppose" Plaintiff's motion to dismiss its patent

8  infringement claims. Dkt. No. 131 at 2; *see id.* at 3–4. Therefore, Plaintiff's motion is GRANTED,

9  and the patent claims are DISMISSED without prejudice. However, the Parties dispute whether a

10  stay is appropriate.

11  "The [district] court has the authority to stay [a] case pending the outcome of an IPR

12  petition." *WAG Acquisition, LLC v. Amazon.com, Inc.*, No. C22-1424, 2023 WL 1991888, at *1

13  (W.D. Wash. Feb. 14, 2023). "To determine whether to grant such a stay, the court considers

14  (1) whether a stay will simplify the court proceedings; (2) the stage of the case; and (3) whether a

15  stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.*

16  (citing *Pac. Bioscience Lab'ys, Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash.

17  2011); *accord WSOU Invs., LLC v. F5 Networks, Inc.*, No. C20-1878 et al., 2022 WL 766997, at

18  *1 (W.D. Wash. Mar. 14, 2022) (citing the same). Here, the factors weigh in favor of a stay.

19  First, as to simplification of the case, the Court notes that Plaintiff seeks dismissal of its

20  patent claims *without* prejudice while expressly reserving its right to bring the same claims again

21  later. *See* Dkt. No. 125 at 10 ("[Dismissal without prejudice] would also permit [Plaintiff] to

22  refile a lawsuit alleging infringement of the '985 Patent after the Patent Office confirms whether

23  the claims of the '985 Patent are valid—which [Plaintiff] has every confidence it will."). Thus,

24  dismissal of Plaintiff's patent claims does not moot Defendant's patent counterclaims. Plaintiff

ORDER ON MOTIONS TO STAY
AND DISMISS CLAIMS - 2

asserts that Defendant's refusal to dismiss its counterclaims is "nothing more than a blatant attempt to manufacture a reason to stay the entire case." Dkt. No. 127 at 5. But the Court notes that Defendant raised patent counterclaims in its first Answer on December 9, 2022—long before its IPR petition was filed in June 2023. *See* Dkt. No. 30 at 47–49; *see also* Dkt. No. 64-4 (petition). Plaintiff also made a choice to file a lawsuit that included patent claims which drew counterclaims that remain live. The Court believes it would benefit from the expert analysis of the PTAB with regard to the counterclaims. Moreover, Plaintiff's patent claims are factually related to its non-patent claims for breach of contract and trade secret misappropriation, as well as Defendant's counterclaims, as they involve some (though not total) overlap of facts and witnesses, including the named patent inventors. *See* Dkt. No. 121 at 15–16. Plaintiff's dismissal without prejudice of its patent claims does not eliminate the risk of the Court and the Parties expending resources on multiple trials for related claims. Therefore, the simplification factor weighs in favor of a stay.

The remaining factors also weigh in favor of a stay. As to the stage of the case, Plaintiff argues both that "much of the work is yet to be done" (Dkt. No. 125 at 2) and that "[t]he case has moved well beyond the initial phases and is rapidly approaching trial readiness" (Dkt. No. 127 at 13). Plaintiff cannot have it both ways. At any rate, claim construction has not yet occurred, and trial is still over nine months away. *See* Dkt. No. 91. As to undue prejudice or clear tactical disadvantage, Plaintiff's assertions are conclusory, unsupported, or little beyond the prejudice inherent in a stay. Depositions of fact witnesses will be completed by February 9, 2024, mitigating concern about the loss of witness testimony over time.[1] *See* Dkt. No. 127 at 1; Dkt.

---

[1] Defendant also appears to want it both ways: it argues both that "the case is still in the relatively early stages where most fact depositions have not taken place" (Dkt. No. 121 at 13) and that "the parties are in the process of completing all fact witness depositions, with five having occurred already and the remainder scheduled to be completed by February 9" (Dkt. No. 131 at 5–6).

No. 131 at 5–6. Moreover, Defendant states (and Plaintiff does not dispute) that "[Plaintiff] ceased doing business in eye-gaze correction and terminated its employees in this area years ago." Dkt. No. 121 at 14. Plaintiff's only evidence of harm is a statement from its CEO that a stay would harm Plaintiff's ability to raise capital and hire employees (Dkt. No. 65-11 ¶ 3), but Plaintiff provides no other evidence or examples that support this assertion.

Accordingly, it is hereby ORDERED:

(1) Defendant's Renewed Motion to Stay After Institution of *Inter Partes* Review (Dkt. No. 121) is GRANTED. This matter is STAYED until the PTAB issues a decision on Defendant's IPR petition, except that any fact depositions that the Parties have agreed to complete before February 9, 2024, may proceed.

(2) Plaintiff's Motion to Voluntarily Dismiss the '985 Patent Claims Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Dkt. No. 125) is GRANTED. Plaintiff's patent claims are DISMISSED without prejudice.

(3) All remaining case deadlines, including the trial date, are VACATED.

(4) The Parties SHALL file a joint status report **within fourteen (14) days** of a decision by the PTAB, including the status of any appeal.

Dated this 30th day of January 2024.

Tana Lin
United States District Judge