UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REALD SPARK, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendant. | CASE NO. 2:22-cv-00942-TL<br><br>ORDER ON LCR 37 JOINT SUBMISSION REGARDING DEFENDANT'S MOTION TO COMPEL FOLLOWING DEPOSITION OF REALD'S CORPORATE REPRESENTATIVE |

This matter is before the Court on Plaintiff RealD Spark, LLC, and Defendant Microsoft Corporation's Rule LCR 37 Joint Submission Regarding Defendant's Motion to Compel Following Deposition of RealD's Corporate Representative. Dkt. No. 186 (sealed); Dkt. No. 187 (redacted). In the joint submission, Microsoft requests that this Court enter an order compelling RealD to further supplement its response to Microsoft's Interrogatory No. 1 to specifically identify "each category of the claimed 'know how' or 'negative know how' in view of available internal documentary evidence setting forth technical details and parameters that could define

those allegations." *Id.* at 7. Having reviewed the Parties' submissions and the relevant record, the Court DENIES Defendant's motion.

The Court assumes familiarity with the history of disputes between the Parties regarding the sufficiency of the disclosure of RealD's source code and issues surrounding Plaintiff's responses to Interrogatory No. 1. *See* Dkt. Nos. 63, 101, 192. Fact discovery closed in this case on November 7, 2025. Dkt. No. 174.

Defendant's Interrogatory No. 1 requested that Plaintiff "[d]escribe with particularity each and every alleged Trade Secret that You contend Microsoft misappropriated . . . ." Dkt. No. 190 (RealD's Amended Third Supplemental Responses to Microsoft's first set of Interrogatories) (sealed) at 4–5; Dkt. No. 188 (Bennett Decl. with redacted exhibits) at 8–9. Plaintiff's fourth supplemental response to Interrogatory No. 1 stated that "[t]hroughout the development process of SocialEyes, RealD developed significant know-how and negative know how," and went on to describe know-how and negative know-how with respect to various topics. Dkt. No. 190 at 35–38. Plaintiff provided its fourth supplemental response on October 9, 2025. Dkt. No. 188 at 4 ¶ 7. On November 5, 2025, Defendant deposed RealD's CEO and designated corporate representative, Dr. Robert Ramsey. Dkt. No. 186 at 5. At the deposition, Dr. Ramsey was asked about the know-how and negative know-how with respect to each of the topics in the fourth supplemental response and specifically whether RealD had records or information regarding each topic. Dkt. No. 191 (Ramsey Dep.) (sealed) at 5–11; Dkt. No. 188 at 50–56. Dr. Ramsey testified to internal research and development materials that he believed RealD had for each topic. Dkt. No. 191 at 5–11. Defendant now seeks to compel Plaintiff to specifically identify those documents and asserts that it must do so to supplement its fourth supplemental response to Interrogatory 1. Dkt. No. 186 at 5–7, 9–12.

1    Defendant asserts that Plaintiff is obligated to identify the material known to Dr. Ramsey
2  based on the structure of Interrogatory No. 1. *Id.* at 27. Plaintiff asserts that courts distinguish
3  between interrogatories seeking information and interrogatories seeking the identification of
4  documents and that Defendant cannot rewrite its interrogatory after the close of discovery to
5  demand a different category of response. *Id.* at 18–19. The Court agrees with Plaintiff.

6    Defendant seeks to compel Plaintiff to identify documents in response to its interrogatory
7  that noticeably did *not* ask Plaintiff to identify any documents. Rather, the interrogatory asked
8  Plaintiff to describe each trade secret at issue in this case. Dkt. No. 190 at 4–5. Rather than
9  responding with a narrative answer, a party may choose to respond to an interrogatory by
10 specifying records that must be reviewed and providing sufficient detail to enable the
11 interrogating party to locate and identify the documents. Fed. R. Civ. P. 33(d). When Plaintiff
12 provided its first supplemental response to Interrogatory No. 1, it invoked Rule 33(d) and chose
13 to direct Defendant to various documents it had produced. Dkt. No. 190 at 7. Therefore, when
14 Defendant moved to compel Plaintiff to more precisely specify where certain information was
15 contained in Plaintiff's production, the Court directed Plaintiff to do so. *See generally* Dkt.
16 No. 63.

17   However, in providing its fourth supplemental response to Interrogatory No. 1—the
18 response at issue in the instant motion—Plaintiff chose to provide a narrative response. *See* Dkt.
19 No. 190 at 34–38. Noticeably missing from Defendant's interrogatory is a request for Plaintiff to
20 also state what documents support its response. *Id.* at 4–5. And noticeably missing from
21 Defendant's motion is any mention of whether it had issued a request for production for, for
22 example, any documents supporting Plaintiff's interrogatory responses. *See generally* Dkt.
23 No. 186. The Court presumes Defendant did *not* issue such a request, or it would have raised this
24 as an additional argument in support of its motion.

Order on LCR 37 Joint Submission Regarding Defendant's Motion to Compel Following Deposition of
RealD's Corporate Representative – 3

Defendant cites to a number of cases in which courts required a party to identify documents in response to an interrogatory. *See id.* at 28. However, in each of those cases, either the interrogatory specifically requested the identification of documents, or the interrogatory response cited to documents without adequate specificity:

- *StonCor Grp., Inc. v. Campton*, No. C05-1225, 2006 WL 314336, at *2 (W.D. Wash. Feb. 7, 2006) ("StonCor's response to interrogatory 11 . . . identified the trade secrets that are at issue in this case: StonCor's installer network and list, its pricing strategies and policies, and its customer lists, among other things." (quoting response to motion));

- *Torres v. Cardenas Markets[1], LLC*, No. C24-1032, 2025 WL 1735564, at *3 (D. Nev. June 23, 2025) ("Defendant may have intended its interrogatories to seek facts … however, the interrogatories do not ask generally for facts. Rather, each of Defendant's three interrogatories demand the specific identification of evidence regarding the element of Plaintiff's negligence claim necessary to establish a breach of duty.");

- *Martinez v. City of Fresno*, No. C06-233, 2009 WL 129946, at *3 (E.D. Cal. Jan. 20, 2009) ("Special Interrogatory number two asks Defendant Manfredi to identify all documents which support his contention set forth in Special Interrogatory No. 1.");

- *Rubin v. Kirkland Chrysler-Jeep, Inc.*, No. C05-52, 2005 WL 8172703, at *3 (W.D. Wash. Sept. 27, 2005) ("Interrogatory No. 16 requests Defendant to 'Separately, for each affirmative defense set forth in defendant's answer to plaintiffs' complaint in this action, identify all facts and documents supporting that affirmative defense.'");

- *Jarjour v. Unitrin Auto & Home Ins. Co.*, No. C13-2227, 2014 WL 3563291, at *1 (W.D. Wash. July 18, 2014) ("These interrogatories seek a description of the allegedly covered damage, an identification of the relevant policy provisions, and descriptions of the relevant acts of bad faith and CPA violations.").

Had Defendant's interrogatory similarly contained a request to identify documents, Defendant would be in a different position. But Defendant's interrogatory did not contain any such request.

---

[1] Defendant quotes *Torres* as standing for the proposition that "It is well established that when responding to a contention interrogatory, '[t]o the extent documents have been produced that support Plaintiff's responses, Plaintiff must identify such documents.'" Dkt. No. 186 at 28 (quoting *Torres*, 2025 WL 1735564, at *3). But this citation gravely mischaracterizes the quoted matter, which is presented in the opinion not as a statement of law, but as a paraphrase of the interrogatories in question (which explicitly asked for the identification of specific evidence). *See Torres*, 2025 WL 1735564, at *1, *3.

Further, Defendant could have deposed Dr. Ramsey earlier and with sufficient time to issue follow-up discovery requests but chose to wait until two days before the close of discovery to depose him. Defendant must live with the strategic choices it made in the wording of its discovery requests and the timing of the deposition of a crucial witness.

   Accordingly, the Court DENIES Microsoft's motion to compel a further supplemental discovery response to Microsoft's Interrogatory No. 1.

   Dated this 19th day of December, 2025.

Tana Lin
United States District Judge