# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WASHINGTON
AT SEATTLE

REALD SPARK, LLC, )
)
Plaintiff, )
) Case No.
vs. ) 2:22-cv-00942-TL
)
MICROSOFT CORPORATION, )
)
Defendant. )
_______________________________)

***HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY***

REMOTE VIDEO-RECORDED DEPOSITION OF
JOSEPH MARKS, PHD
March 5, 2026
10:41 a.m. - 7:28 p.m. EST
Reported by: Carrie LaMontagne, CSR No. 13393

The remote video-recorded deposition of JOSEPH MARKS, PHD, located in Washington, DC, on behalf of the Plaintiff, before Carrie LaMontagne, a Certified Shorthand Reporter for the State of California, commencing on Thursday, March 5, 2026, at 10:41 a.m., via Zoom Video Communications.

APPEARANCES OF COUNSEL:

Attorneys for Plaintiff:
NATHANIEL DILGER, ESQ.
ONE LLP
23 Corporate Plaza, Suite 150-105
Newport Beach, California 92660
(949) 502-2870

Attorneys for Defendant:
THOMAS DAVIS, ESQ.
NATALIE BENNETT, ESQ.
MORGAN, LEWIS & BOCKIUS, LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(212) 309-6000

Also appearing: Adam Mason, videographer

[redacted] 02:12

Q. Are there other factors, other than what you've listed there, that you understand can demonstrate independent economic value? 02:12

MR. DAVIS: Object to form.

BY MR. DILGER:

Q. Actual or potential from being -- remaining secret? 02:12

MR. DAVIS: Same objections.

THE WITNESS: That's outside of my area of expertise.

BY MR. DILGER: 02:13

Q. I'm not asking for your area of expertise.

I'm asking if you know of other ways that you can show independent economic advantage from remaining a secret other than the ones you've listed there? 02:13

A. I do not.

Q. You do not know?

A. (No audible response.)

Q. So as you sit here today, the only ways you understood economic advantage can be proven are 02:13

licensing, monetization, competitive 02:14
differentiation, or revenue; is that correct?
A. I'll read out the sentence. "For example,
they have no identified" --
Q. I'm not asking you to read the sentence, 02:14
Doctor -- Dr. Marks. I asked you to say as you sit
here today, the only ways that you are aware of
currently to show independent economic value is
licensing, monetization, competitive
differentiation, or revenue? 02:14
MR. DAVIS: Object to form.
THE WITNESS: They're the ones I listed in
my report as four examples.
BY MR. DILGER:
Q. You say for example. 02:14
Are there other examples, Dr. Marks?
A. Not occurring to me right now.
Q. Okay. So the only ones you're aware of as
you're sitting here today are those examples you
listed? 02:15
A. Correct.
Q. [redacted]
02:15

[redacted].

BY MR. DILGER:

Q. All right. Do you know whether there is a standard for determining whether something qualifies as a trade secret as compared to what's publicly available?

MR. DAVIS: Objection [indiscernible].

THE WITNESS: I'm not aware. I don't know.

(Reporter clarification.)

MR. DAVIS: Objection to the form.

MR. DILGER: Gotcha.

MR. DAVIS: Yeah. Sorry. It was -- Nate, you want to just ask the question again, and we'll just get it clean on the record.

MR. DILGER: I said do you know whether there is a standard that is applied to determining whether something's a trade secret as compared to

what's publicly available, and the witness responded that he did not know. 07:25

BY MR. DILGER:

Q. Was that correct, Dr. Marks?

A. Yes. 07:25

MR. DAVIS: And the objection was to the form.

BY MR. DILGER:

Q. So it's fair to say you did not apply any particular legal standard in determining whether this was sufficiently different from publicly available in your conclusions regarding trade secret status as compared to publicly available stuff? 07:25

MR. DAVIS: Objection to the form.

THE WITNESS: I did not apply a legal standard. 07:25

BY MR. DILGER:

Q. What you applied was your experience, judgment, and reasoning from your work in this field to determine that it was too close to be a trade secret, correct? 07:26

A. Correct.

[redacted]

[redacted] 07:26

REPORTER'S CERTIFICATE

I, Carrie LaMontagne, Certified Shorthand Reporter in and for the State of California, License No. 13393, hereby certify that the deponent, JOSEPH W. MARKS, PhD, was by me first duly sworn and the foregoing testimony was stenographically reported by me and was thereafter transcribed with Computer-Aided Transcription; that the foregoing is a full, complete, and true record of said proceeding.

I further certify that I am not of counsel or attorney for either or any of the parties in the foregoing proceeding and caption named or in any way interested in the outcome of the cause in said caption.

The dismantling, unsealing, or unbinding of the original transcript will render the reporter's certificates null and void.

In witness whereof, I have hereunto set my hand this day: March 19th, 2026.

( X ) Reading and Signing was requested.
(   ) Reading and Signing was waived.
(   ) Reading and Signing was not requested.

CARRIE LaMONTAGNE, CSR