THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REALD SPARK, LLC,<br>Plaintiff,<br>v.<br>MICROSOFT CORPORATION,<br>Defendant. | Case No. 2:22-cv-00942-TL<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF DEFENDANT'S EXPERT DR. JOSEPH MARKS**<br><br>NOTE ON MOTION CALENDAR:<br>May 1, 2026 |



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 2

III. ARGUMENT ..... 3

A. RealD's Request Fails as a Matter of Procedure for Being Overly Broad and Not Narrowly Tailored ..... 3

B. RealD Fails to Distinguish Between the Application of FRE 704 to Questions of Law and Questions of Fact ..... 4

1. Dr. Marks Can Opine on the Ultimate Issues Relating to the Alleged Trade Secret Misappropriation Because the Jury will be Deciding Questions of Fact ..... 4

2. Dr. Marks's Opinions Relating to the Alleged Trade Secret Misappropriation are Based on Analysis of the Evidence ..... 8

3. Dr. Marks's Breach of Contract Opinions are Similarly Directed to Questions of Fact ..... 11

C. Dr. Marks's Reliance on Interviews of Microsoft Witnesses is Proper ..... 12

IV. CONCLUSION ..... 13




MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allvoice Developments U.S., LLC v. Microsoft Corp.*,
988 F.Supp.2d 1248 (W.D. Wash. 2013)....................5

*Atmel Corp. v. Information Storage Devices, Inc.*,
189 F.R.D. 410 (N.D. Cal. 1999)....................6

*BHI Energy I Power Services LLC v. KVP Holdings, LLC*,
No. 22-cv-01981, 2024 WL 1809499 (N.D. Tex. Apr. 24, 2024)....................7

*Bona Fide Conglomerate, Inc. v. SourceAmerca*,
No. 14-cv-00751, 2019 WL 1369007 (S.D. Cal. Mar. 26, 2019)....................11

*City of Pomona v. SQM N. Am. Corp.*,
750 F.3d 1036 (9th Cir. 2014)....................3

*Crow Tribe of Indians v. Racicot,*
87 F.3d 1039 (9th Cir. 1996)....................4

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)....................2

*Diode Dynamics, L.L.C., v. 5Dlight, Inc.*,
No. 23-cv-02238, 2026 WL 852169 (C.D. Cal. March 20, 2026)....................5

*FinancialApps, LLC v. Envestnet, Inc.*,
No. 19-cv-01337, 2023 WL 4936007 (D. Del. July 28, 2023)....................7

*Hangarter v. Provident Life & Acc. Ins. Co.*,
373 F.3d 998 (9th Cir. 2004)....................2

*Hill v. Xerox Business Services, LLC*,
No. 12-cv-00717, 2025 WL 887401 (W.D. Wash. Mar. 21, 2025)....................13

*Icon Health & Fitness, Inc. v. Strava, Inc.*,
849 F.3d 1034 (Fed. Cir. 2017)....................6

*Intel Corp. v. Tela Innovations, Inc.*,
No. 18-cv-02848, 2021 WL 1222622 (N.D. Cal. Feb. 11, 2021)....................7

*JH Kelly, LLC v. AECOM Tech. Servs., Inc.*,
605 F. Supp. 3d 1295 (N.D. Cal. 2022)....................11



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794 (N.D. Ill. 2005) ........................................................................13

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393, 2018 WL 6511146 (N.D. Cal. Dec. 11, 2018)..........................................13

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, No. 14-cv-00085, 2016 WL 3626383 (E.D. Wash. Jan. 20, 2016)....................................6, 10

*Plexxikon Inc. v. Novartis Pharmaceuticals Corp.*, No. 17-cv-04405, 2020 WL 2301213 (N.D. Cal. May 8, 2020)...............................................8

*Quintero v. Nat'l R.R. Passenger Corp.*, No. 20-cv-05677-TL, 2022 WL 4093120 (W.D. Wash. Sept. 7, 2022) ..................................4

*Remtech, Inc. v. Fireman's Fund Ins. Co.*, No. 05-cv-00087, 2006 WL 17173 (E.D. Wash. Jan. 4, 2006)..............................................12

*Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089 (Fed. Cir. 1997)..........................................................................................6

*Ruiz v. Affinity Logistics Corp.*, No. 05-cv-02125, 2009 WL 10664190 (S.D. Cal. Dec. 1, 2009) ..........................................12

*Spartan Composites, LLC v. Signature Sys. Grp., LLC*, No. 24-cv-00609, 2025 WL 3141939 (E.D. Tex. Nov. 10, 2025)............................................8

*Updike v. Am. Honda Motor Co. Inc.*, No. 21-cv-01379, 2024 WL 4182232 (D. Ariz. Sept. 13, 2024) ............................................12

*Valeo Schalter und Sensoren GmbH v. NVIDIA Corp.*, No. 23-cv-05721, 2025 WL 3500726 (N.D. Cal. Sept. 26, 2025)............................................7

*Valve Corp. v. Rothschild*, No. 23-cv-01016-JNW, 2026 WL 353172 (W.D. Wash. Feb. 9, 2026)..................................4

*Xtec, Inc. v. Cardsmart Techs, Inc.*, No. 11-cv-22866, 2014 WL 10268426 (S.D. Fla. May 15, 2014)............................................6

*Yue v. Chordiant Software, Inc.*, No. 08-cv-00019-JW, 2010 WL 11575579 (N.D. Cal. Apr. 22, 2010) ...................................4

**Rules**

Fed. R. Civ. P. 32(a) ..............................................................................................13



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Fed. R. Evid. 702 ....................2, 3, 8

Fed. R. Evid. 703 ....................12, 13

Fed. R. Evid. 704 ....................2, 4, 5, 6



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

# I. INTRODUCTION

Experts are permitted to opine on ultimate issues of fact. Microsoft will defend itself at trial by presenting the relevant facts. This presentation will include educating the jury about longstanding computer vision research that pre-dated RealD's license to "gaze correction" technology from an Institute in Russia. Microsoft's technical expert will explain why RealD's efforts failed to produce a commercially viable product. Microsoft will isolate the alleged "know-how" that RealD claims as its trade secrets and explain with a high degree of certainty that the specific techniques were well-known and were not workable on Microsoft's platform. Microsoft's position is based on documents and source code exchanged in the case, as well as the testimony of RealD's witnesses, including its expert witnesses.

RealD challenges Dr. Marks's technical opinions as "ultimate legal conclusions" as a means to disrupt a storyline that favors Microsoft on the merits. RealD's Motion to Exclude Dr. Marks's Opinions (Dkt. 201) ("Motion") portrays Dr. Marks as a disguised legal expert while denying the Court an opportunity to review his full analysis. Indeed, RealD selectively isolates Dr. Marks's bottom line conclusions—omitting pages of analysis and redacting surrounding text supporting his conclusions—and cries foul that he should share such conclusions with the jury. *See, e.g.,* Ex. 1, Marks Report at ¶¶ 18, 25, 159, 172, 225, 311, 314, 317, 331, 332. RealD further asks the Court to exclude Dr. Marks's opinions as "ultimate legal conclusions" even though their own experts offer conclusions on the very same issues. Not only would it be manifestly unfair to prevent Microsoft from rebutting RealD's experts, but the jury would be forced to deliberate without the benefit of appropriate evidence from both sides.

RealD also fails to apprise the Court of the outcome determinative legal principle: technical experts have every right to address "ultimate issues" for questions of fact and that is why RealD proffers its own technical experts to address the trade secret misappropriation allegations. The Parties agree that Dr. Marks cannot give legal opinions or interpret contracts, and his report does no such thing. Dr. Marks is a computer vision and software expert who will help the jury



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

understand concepts inaccessible to a lay person. RealD may disagree with his conclusions, but those disagreements will be front and center during cross examination.

Finally, RealD's Motion opens with a request "that the Court exclude certain portions of the report [of Dr. Marks]," Motion at 2, but RealD never identifies what "portions of the report" it seeks to exclude. The requested relief is overbroad, undefined, and apparently calculated to prevent Microsoft from presenting its case. The Motion can be denied on these procedural grounds alone. Even assuming the Court reaches whether Dr. Marks analyzed technical evidence in forming his opinions on ultimate questions of fact, the "answer" is found in the full version of Dr. Marks's Rebuttal Report (attached as Exhibit 1), and applying FRE 704. Because Dr. Marks is addressing issues of fact through an extensive technical investigation, the Court should deny RealD's Motion.

## II. LEGAL STANDARD

Expert testimony is admissible when (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. Fed. R. Evid. 702. Expert opinion testimony is "*not objectionable just because it embraces an ultimate issue.*" Fed. R. Evid. 704(a) (emphasis added); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[E]xpert testimony concerning an ultimate issue is not *per se* improper.").

Exclusion of expert testimony is "the exception rather than the rule," (Fed. R. Evid. 702 advisory committee's note) and "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993). "The judge is 'supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable'. . . Simply put, '[t]he district court is not tasked



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury.'" *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).

## III. ARGUMENT

Because RealD's Motion centers on the first prong of Rule 702, the Court need only address whether Dr. Marks's testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." RealD does not discuss and consequently waives any challenge that the expert's testimony is not (b) based on sufficient facts or data; (c) the product of reliable principles and methods; and (d) does not reflect a reliable application of the principles and methods to the facts of the case. Fed. R. Evid. 702. RealD's Motion focuses on whether Dr. Marks should be permitted to address "ultimate issues" such as whether Microsoft has misappropriated the alleged know-how trade secrets, whether RealD has adequately protected its claimed trade secrets, and whether there has been a breach of a non-disclosure agreement. Each of these issues are questions of fact where the Court—not the expert—will instruct the jury as to the applicable law. Given the technical nature of this case, the jury will benefit from both sides' experts' view of the relevant evidence to determine whether RealD's allegations of trade secret misappropriation and breach of contract have been substantiated.

### A. RealD's Request Fails as a Matter of Procedure for Being Overly Broad and Not Narrowly Tailored

Before reaching the substantive shortcomings of RealD's arguments, it is within the Court's discretion to deny RealD's Motion for failure to identify specific portions of Dr. Marks's Report that are being challenged. RealD's Motion includes sweeping assertions that "[t]hese opinions should be excluded," Motion at 6, while apparently referring to *all* of the opinions. Indeed, in its "Conclusion," RealD fails to specify which paragraphs or pages reference Dr. Marks's "expert opinions" that relate only to purported legal issues. Motion at 11. There is a vague reference to "exclude the challenged portions of Dr. Marks testimony," *id.* at 12, but RealD



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

never identifies *what those portions are*. Neither the Court nor Microsoft has any clarity as to the scope of the requested relief. Because RealD has shifted the burden to the Court, RealD's Motion should be denied or, at the very least, the Court should reserve ruling for trial on a case-by-case basis in view of what issues remain in the case and what testimony is elicited before the jury. *See Quintero v. Nat'l R.R. Passenger Corp.*, No. 20-cv-05677-TL, 2022 WL 4093120, at *12 (W.D. Wash. Sept. 7, 2022) (denying request to exclude testimony of medical providers as "overly broad and vague"); *Yue v. Chordiant Software, Inc.*, No. 08-cv-00019-JW, 2010 WL 11575579, at *2 (N.D. Cal. Apr. 22, 2010) (denying request to preclude plaintiff's expert from offering opinions as to whether conduct is "infringement" or "willful" because whether the testimony is a legal opinion "is best dealt with by objections to specific testimony at trial").

**B. RealD Fails to Distinguish Between the Application of FRE 704 to Questions of Law and Questions of Fact**

RealD's Motion correctly states: "Experts interpret and analyze factual evidence. They do not testify about the law." Motion at 3 (quoting *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996)). Throughout the Motion, however, RealD disregards that Dr. Marks's rebuttal report is a robust analysis of facts. What RealD calls "ultimate issues" are *questions of fact*, not questions of law. Relevant precedent allows wide leeway for experts to provide ultimate conclusions on such questions of fact. *See Valve Corp. v. Rothschild*, No. 23-cv-01016-JNW, 2026 WL 353172, at *4 (W.D. Wash. Feb. 9, 2026) (permitting expert to opine on ultimate questions of fact so long as the opinion does not reach "an ultimate issue of law").

**1. Dr. Marks Can Opine on the Ultimate Issues Relating to the Alleged Trade Secret Misappropriation Because the Jury will be Deciding Questions of Fact**

Dr. Marks's rebuttal report includes over 50 pages of detailed technical analysis of the facts that support his opinions regarding whether RealD's asserted trade secrets were in the public domain, used by Microsoft, or had value to those in the industry. Ex. 1 (Marks Report) §VII,



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

¶¶170-327. His report also includes over 25 pages of dedicated analysis addressing how and why Microsoft independently developed its Eye Contact feature and therefore did not misappropriate any claimed trade secrets. *Id.*, ¶¶60-110. This is quintessential fact-based technical analysis.

RealD does not challenge Dr. Marks's professional resume demonstrating specialized experience and skills in computer vision and software issues. *Id.*, § XI (Curriculum Vitae). RealD does not challenge that the technology in this case – spanning complex algorithms, machine learning models, and source code functions – is beyond the everyday lived experience of most lay people. It should therefore be undisputed that technical experts from both sides will be helpful to the trier of fact in unpacking this complex technology to ascertain whether RealD's trade secret misappropriation allegations have merit. Accordingly, the expert's "significant technical and specialized knowledge" is an aid to "assist a trier of fact understand the evidence." *Allvoice Developments U.S., LLC v. Microsoft Corp.,* 988 F.Supp.2d 1248, 1259 (W.D. Wash. 2013).

RealD's core argument is that Dr. Marks is not permitted "to answer the ultimate question" and therefore his analysis and opinions must be excluded. *E.g.,* Motion at 5. But RealD's position completely misses that this inquiry always turns on *what question* the expert is answering. RealD treats questions of fact and questions of law in the same manner, when precedent reflects a significant difference when it comes to offering an opinion as to the ultimate issue. And, RealD overlooks that FRE 704(a) endorses experts opining on an ultimate issue that will be presented to the jury. Fed. R. Evid. 704(a) (explaining that expert opinion testimony is "not objectionable just because it embraces an ultimate issue"). Indeed, courts routinely apply Rule 704(a) in patent and trade secret cases to limit an expert's testimony when offering opinions on ultimate questions of law, but not when it comes to questions of fact. RealD's Motion misses this important distinction.

- **The Factual Question of Patent Infringement.** There should be no distinction between the factual questions of patent infringement and trade secret misappropriation. "In patent cases, courts routinely permit experts to offer opinions on the ultimate issue of infringement." *Diode Dynamics, L.L.C., v. 5Dlight, Inc.*,



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

No. 23-cv-02238, 2026 WL 852169, *6 (C.D. Cal. March 20, 2026) (citing Federal Circuit cases). The Federal Circuit has explained that while a fact finder need not accept an expert's conclusion, Rule 704 allows a technical expert to "testify to the ultimate issue" so long as the opinion is properly supported. *Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997); *see also Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1041 (Fed. Cir. 2017) (distinguishing between an expert declaration directed to factual issues or the legal conclusion of obviousness).

- **The Factual Question of Trade Secret Misappropriation.** It should be undisputed that allegations of trade secret misappropriation present a question of fact and therefore an expert is allowed, pursuant to FRE 704(a), to assert opinions on the "ultimate issue" of trade secret misappropriation to be decided by the trier of fact. *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, No. 14-cv-00085, 2016 WL 3626383, at *3 (E.D. Wash. Jan. 20, 2016) (rejecting contention that it would be an "improper legal conclusion" to allow plaintiff's expert to opine on which trade secrets were allegedly misappropriated and for defendant's expert to testify that alleged trade secrets were not misappropriated); *see also Xtec, Inc. v. Cardsmart Techs, Inc.*, No. 11-cv-22866, 2014 WL 10268426 at *11 (S.D. Fla. May 15, 2014) (permitting jury to rely on expert opinion regarding trade secret misappropriation); *Atmel Corp. v. Information Storage Devices, Inc.*, 189 F.R.D. 410, 417 (N.D. Cal. 1999) (same).

- **The Factual Question of Whether the Information Qualifies as a Trade Secret.** RealD criticizes Dr. Marks's Rebuttal Opinions that the claimed trade secrets were well known, lack independent economic value, and that RealD did not exercise reasonable measures to protect its claimed trade secrets. *See* Motion at 5-6. RealD maintains that "the question of whether a specific piece of information ultimately



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

qualifies as a trade secret is a legal conclusion for the jury." *Id.* at 6. RealD is incorrect as this determination is, again, a question of fact. The issue of public availability is a technical question best tested through cross examination. *See, e.g., Valeo Schalter und Sensoren GmbH v. NVIDIA Corp.*, No. 23-cv-05721, 2025 WL 3500726, at *2 (N.D. Cal. Sept. 26, 2025) (permitting technical experts to address whether code contained plaintiff's proprietary methods in offering opinion as to public availability). Likewise, a determination of "whether or not a party's measures to protect its trade secrets were reasonable to guard secrecy is a fact question." *BHI Energy I Power Services LLC v. KVP Holdings, LLC*, No. 22-cv-01981, 2024 WL 1809499, at *7-8 (N.D. Tex. Apr. 24, 2024) (permitting expert to testify as to reasonable measures "to assist the trier of fact in understanding the evidence"). The same holds true regarding whether the alleged trade secrets have independent economic value. *FinancialApps, LLC v. Envestnet, Inc.*, No. 19-cv-01337, 2023 WL 4936007, at *3 (D. Del. July 28, 2023) (permitting opinions regarding independent economic value tied to whether information was known to anyone outside the company—a question accessible to a broadly experienced technologist).

The Court should deny RealD's Motion because Dr. Marks's opinions relating to whether information qualifies as a trade secret and whether a trade secret has been misappropriated are questions of fact. While it is for the Court to decide issues of law for the benefit of the jury, experts can "give their opinions on ultimate issues" as it relates to fact questions. *BHI Energy*, 2024 WL 1809499, at *7-8; *Intel Corp. v. Tela Innovations, Inc.*, No. 18-cv-02848, 2021 WL 1222622, at *41 (N.D. Cal. Feb. 11, 2021) (distinguishing between inventorship as a question of law and enablement as a question of fact where the expert could offer an ultimate opinion in a patent case).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

### 2. Dr. Marks's Opinions Relating to the Alleged Trade Secret Misappropriation are Based on Analysis of the Evidence

Dr. Marks's Rebuttal Report does not invade the province of the Court by offering his own interpretations of the law. He does what experts in trade secret cases always do: he is offering detailed factual analysis of complex technology in order to assist the jury understand the facts and reach their ultimate conclusion. *See, e.g., Spartan Composites, LLC v. Signature Sys. Grp., LLC*, No. 24-cv-00609, 2025 WL 3141939, at *3 (E.D. Tex. Nov. 10, 2025) (denying Rule 702 challenge in trade secret case where the technical expert's opinions were based on in-person analysis, interviews with designers and engineering review, and where expert testimony would help the jury understand "a variety of technical and legal factors extending far beyond one's innate common sense and knowledge."). Like all intellectual property trials, RealD will have the opportunity to address contrary evidence through vigorous cross examination, and the Court will instruct the jury on the correct legal standards. RealD accuses Dr. Marks of relying on his "own judgment" and experience rather than on some undefined legal principles in opining on trade secret issues. Motion at 10. This assertion is curious: on the one hand, RealD vigorously objects to Dr. Marks offering his expert conclusions on issues of fact, yet it faults him for insufficient legal knowledge. This is a red herring because Dr. Marks will not be telling the jury the legal standard for any claim. In any event, courts deny Rule 702 challenges on the basis that an expert "misunderstood some applicable law" because technical experts "will not be tasked with determining what the law is" and "the Court will instruct the jury on the correct legal standards." *Plexxikon Inc. v. Novartis Pharmaceuticals Corp*., No. 17-cv-04405, 2020 WL 2301213, at *2 (N.D. Cal. May 8, 2020).

At trial, Dr. Marks will share well-founded technical opinions rooted in facts. He will explain whether RealD's alleged trade secrets were publicly known to a computer vision engineer in 2019. He will explain the details of the Microsoft's independent development efforts and why the technical solution developed at Microsoft is fundamentally different from RealD's SocialEyes prototype and/or the "know-how" that RealD's former engineers gained when working on



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

SocialEyes. This fact-based technical assessment is at the very center of this case.

RealD portrays Dr. Marks's technical analysis as "legal argument" to shield the jury from immediately relevant facts that the jury can and should rely on. Even in bringing this Motion, RealD carefully selected the information submitted to the Court in an obvious attempt to support its Motion's narrative. RealD's exhibits omit numerous pages containing Dr. Marks's extensive technical analysis of the evidence, and even the submitted pages are almost completely redacted removing all information except the objected-to opinions. Critically, the omitted portions detail Dr. Marks's analysis of the facts regarding key questions that the jury will be asked to answer such as whether the alleged trade secrets (1) have independent economic value, (2) were public knowledge to one of skill in the art, or (3) were misappropriated by Microsoft. *See generally,* Dkt. 202-1, Ex. 1; *compare* Dkt. 202-1, ¶¶311-316 (redacted), with Ex. 1, ¶¶127-131, 311-316 (independent economic value); *compare* Dkt. 202-1, ¶77, with Ex. 1, ¶¶60-110 (public knowledge); *compare* Dkt. 202-1, ¶225, with Ex. 1, § VII (misappropriation). By way of a representative example (below), RealD complains that Dr. Marks concluded that there could be no misappropriation, but in support, RealD submits only two heavily redacted pages that obscure the *extensive* analysis Dr. Marks performed:



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

[redacted]

*Id.* at MSFT_00305495-503.

77. [redacted]

Thus, it is my opinion that there could be no misappropriation of any know-how or negative

know-how by Microsoft for a project that was based on Microsoft's longstanding knowledge and experience in this field, as well as because [redacted].

78. [redacted]

MSFT_00278028 at 31 (July 24, 2019)

[redacted]

Dkt. 202-1; *cf*. Ex. 1, ¶¶70-78 (data collection).

RealD presents a *single* out-of-context sentence while simultaneously asking the Court to exclude the entirety of his analysis. Microsoft has submitted Dr. Marks's full Rebuttal Report to provide full context for the Court that Dr. Marks performed a detailed factual analysis. Ex. 1. Dr. Marks's testimony regarding his analysis in Exhibit 1 would benefit the fact finder in determining whether any claimed know-how qualifies as a trade secret and whether such trade secret were misappropriated. The jury is entitled to ascertain the full set of facts the expert analyzed. *See OTR Wheel*, 2016 WL 3626383, at *4 ("if expert witnesses are going to testify to all of the facts that support their opinions that trade secrets were or were not misappropriated . . . those experts should be able to tell the jury their opinions on the ultimate issues when those opinions will already be obvious from their testimony regarding the facts as they perceive them.").



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

### 3. Dr. Marks's Breach of Contract Opinions are Similarly Directed to Questions of Fact

Dr. Marks's opinions regarding an alleged breach of contract are also tied to the facts. Ex. 1, ¶¶329-332. Based on his review of the source code, training data pipeline, model architecture, and landmark-annotation procedures used in Microsoft's Eye Contact feature, Dr. Marks concludes that Microsoft's technology does not incorporate or rely on the claimed know-how trade secrets. *See, generally*, *id.*, §§V, VI, VII. He therefore opines:

- "Based on all of the evidence I have reviewed, it is my opinion that Microsoft never 'used or disclosed RealD's confidential information in order to develop its own products, including the Microsoft Surface Pro X,' as alleged in RealD's breach of contract claim." *Id.*, ¶331.
- Microsoft did not "breach any agreement with RealD by using or disclosing any confidential information." *Id.*, ¶332.

Like the trade secret-related conclusions, his breach of contract conclusions are driven by a technical analysis of whether the claimed know-how was in the public domain.

These opinions are not a recitation of a legal standard as RealD asserts. Dr. Marks does not interpret the language of the non-disclosure agreement between the Parties and he will not do so in trial. *Accord Bona Fide Conglomerate, Inc. v. SourceAmerca*, No. 14-cv-00751, 2019 WL 1369007, at *3-7 (S.D. Cal. Mar. 26, 2019) (in breach of contract cases, the expert may not be allowed to opine on the meaning and import of disputed terms but could have discussed but-for causation where there was factual support). Dr. Marks's breach of contract opinions are directed to factual questions premised on analysis of technical evidence. Such testimony is permissible where the expert does not cross the line into legal questions. *See JH Kelly, LLC v. AECOM Tech. Servs., Inc.*, 605 F. Supp. 3d 1295, 1306 (N.D. Cal. 2022) (allowing expert to testify to ultimate issue of breach when the breach turned on the cause of a valve leak).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**C. Dr. Marks's Reliance on Interviews of Microsoft Witnesses is Proper**

RealD argues that Dr. Marks should not be able to rely on hearsay discussions with Microsoft technical witnesses such as Drs. Sommerlade, Neophytou, and Pradeep. Motion at 7-8. RealD goes so far as to argue that Dr. Marks is limited to testifying as to facts for which he has percipient knowledge. *Id*. at 9 ("Dr. Marks's deposition testimony and future trial testimony will be hearsay, and the Court should exclude this hearsay now."). This is an incorrect understanding of the evidentiary rules regarding the scope of permissible expert testimony. Rule 703 permits experts to rely on hearsay or other inadmissible evidence "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." Fed. R. Evid. 703; *Remtech, Inc. v. Fireman's Fund Ins. Co*., No. 05-cv-00087, 2006 WL 17173, at *1 (E.D. Wash. Jan. 4, 2006) ("the fact that an expert opinion relies in part on hearsay evidence does not render the opinion inadmissible"). Neither the facts nor data provided to the expert need to be admissible for the expert testimony to be admitted. Fed. R. Evid. 703.

Technical experts routinely interview engineers as part of their investigations. Discussions with fact witnesses that are part of the expert's investigation and included in an expert's report setting forth the relevant analysis are admissible regardless of whether the underlying discussion is hearsay. *Ruiz v. Affinity Logistics Corp*., No. 05-cv-02125, 2009 WL 10664190, at *6 (S.D. Cal. Dec. 1, 2009) (discussing Rule 703 and admitting expert testimony discussing witness interviews in order for the expert "to explain how he reached his opinions"); *see also Updike v. Am. Honda Motor Co. Inc*., No. 21-cv-01379, 2024 WL 4182232, at *5-6 (D. Ariz. Sept. 13, 2024) (permitting expert to testify as to hearsay eyewitness testimony). Here, Dr. Marks conducted the exact kind of background investigation a technical expert would undertake by interviewing the engineers who built and used the relevant technology to understand key details such as development timelines and the steps taken to prevent use of any of RealD's information. The interviewed engineers, who lived through Microsoft's independent development effort, corroborated and contextualized Dr. Marks's assessment of the technical facts.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

There is no legal basis to preclude an expert from relying on his interview discussions with fact witnesses, especially Microsoft witnesses that RealD deposed.[1] Where an expert's opinions find support in the record, such reliance ultimately bears on weight, not admissibility. *See Hill v. Xerox Business Services, LLC*, No. 12-cv-00717, 2025 WL 887401, at *12 (W.D. Wash. Mar. 21, 2025) (internal citation omitted). While RealD may, for advocacy purposes, not want these facts to reach the jury, it is entirely proper for an expert to share with the jury the full scope of his technical investigation, including discussions with fact witnesses. Moreover, these types of issues are best left to an evidentiary ruling at trial where the Court has the appropriate context to rule on specific hearsay objections. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393, 2018 WL 6511146, at *2 (N.D. Cal. Dec. 11, 2018) (ruling that questions of which hearsay, if any, an expert can relay to the jury are best left for targeted motions in limine at trial).

## IV. CONCLUSION

Microsoft respectfully requests that the Court deny RealD's Motion in its entirety.

---

[1] RealD criticizes Dr. Marks for relying on fact witness deposition testimony, Motion at 7-8, but both RealD's technical and damages experts also reviewed and relied on deposition testimony of fact witnesses. Deposition testimony of fact witnesses is independently admissible under Fed. R. Civ. P. 32(a).

Furthermore, an expert may freely rely on and discuss deposition testimony from the same case without running afoul of Rule 703. RealD's cited *Loeffel Steel* case, Motion at 7, only prevents an expert from becoming a *"mouthpiece"* for witnesses *in lieu of* forming independent opinions. *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005). Here, Dr. Marks uses the witness testimony as corroborating factual context for his opinions reached through analysis of the technical record.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

DATED: April 27, 2026.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Patty A. Eakes, WSBA #18888
Molly A. Terwilliger, WSBA #28449
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
patty.eakes@morganlewis.com
molly.terwilliger@morganlewis.com

Natalie A. Bennett (admitted *Pro Hac Vice*)
1111 Pennsylvania Avenue, NW
Washington, DC, 20004-2541
Phone: (202) 739-3000
Natalie.bennett@morganlewis.com

Andrew V. Devkar (admitted *Pro Hac Vice*)
2049 Century Park East, Suite 700
Los Angeles, CA, 90067-3109
Phone: (310) 907-1000
Andrew.devkar@morganlewis.com

Thomas R. Davis (admitted *Pro Hac Vice*)
Susan Stradley (admitted *Pro Hac Vice*)
1000 Louisiana Street, Suite 4000
Houston, TX, 77002
Phone: (713) 890-1000
thomas.davis@morganlewis.com
susan.stradley@morganlewis.com

*Attorneys for Defendant Microsoft Corporation*

**CERTIFICATION**

I certify that Microsoft's total text in this submission contains 4193 words, in compliance with the Local Civil Rules. I further certify that this motion complies with the requirements of LCR 37.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Molly A. Terwilliger, WSBA #28449
molly.terwilliger@morganlewis.com



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401